In the Matter of FLORIDA WIRE & CABLE CO., Florida Wire & Cable, Inc., and Florida Sub One, Inc., Petitioners.

No. 96–3127.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 27, 1996.

Decided Oct. 28, 1996.*

---

* The Court's order dismissing the petition for a writ of mandamus for lack of jurisdiction was issued on October 28, 1996. This opinion explains the reasoning behind that disposition.

Dennis O'Connell, submitted, Thomas C. Walsh, Dan M. Lesicko, Bryan Cave, St. Louis, MO, Kent L. Plotner, Heyl, Royster, Voelker & Allen, Edwardsville, IL, for Petitioners.

Lawrence D. Green, Larry E. Hepler, Daniel W. Farroll, Burroughs, Hepler, Broom, MacDonald & Hebrank, Edwardsville, IL, for Party-in-Interest.

Before FLAUM, DIANE P. WOOD and EVANS, Circuit Judges.

DIANE P. WOOD, Circuit Judge.

In this case, we must once again decide under what circumstances a federal district court's order remanding a removed case to the state court is reviewable by means of a writ of mandamus. The casual reader of 28 U.S.C. § 1447(d), which provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise" (with one exception not pertinent here), might think that no such circumstances exist. That reader would be wrong, for reasons that help to explain why law continues to be somewhat mysterious to those without legal training. In a line of cases beginning with *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), the Supreme Court has carved out certain narrow exceptions to § 1447(d)'s otherwise absolute ban on review. We must therefore decide whether any of those exceptions permit us to review the case now before us.

This litigation began when St. Louis Prestress ("St.Louis") filed suit in Illinois state court against Florida Wire & Cable Co., Florida Wire & Cable, Inc., Florida Sub One, Inc., and Kent Preston (to whom we refer collectively as "Florida Wire"). St. Louis alleged that the wire strands it purchased from Florida Wire contained surface contamination that, when installed, caused damage to the prestress concrete products St. Louis manufactured. St. Louis sought relief under theories of negligence, breach of express and implied warranties, products liability, and the Illinois Consumer Fraud and Deceptive Business Practices Act, 825 ILCS 505/1 *et seq.*

Florida Wire responded on May 16, 1994, by removing the action to the U.S. District Court for the Southern District of Illinois, relying on diversity jurisdiction under 28 U.S.C. § 1332. At that time, complete diversity existed between the opposing parties and the amount in controversy exceeded the then-applicable threshold of $50,000. (We note that pursuant to the Federal Courts Improvement Act of 1996, Pub.L. 104–317, § 205, the amount in controversy required for jurisdiction under § 1332 will increase to $75,000, effective January 17, 1997. This change obviously does not affect Florida Wire's petition.) The trouble began when the district court granted Florida Wire's motion to file a third-party complaint against Keller Truck Services, Inc. ("Keller"), a sister corporation of St. Louis Prestress and, like St. Louis, a citizen of Illinois for purposes of § 1332. Florida Wire's third-party complaint alleged that Keller caused the damage to St. Louis's products while it was transporting them.

Perhaps not paying close enough attention to 28 U.S.C. § 1367(b), which denies supplemental jurisdiction over claims by plaintiffs against persons made parties under Fed. R.Civ.P. 14 (among other rules) when the original claim was brought under § 1332 and exercising jurisdiction would destroy complete diversity, or perhaps quite happy with an opportunity to escape unwanted federal court proceedings, St. Louis moved for leave to amend its complaint to add Keller as a direct defendant. The district court granted this motion, over Florida Wire's objection, on June 17, 1996. On June 19, Florida Wire dismissed its own third-party claims against Keller, and on June 26, St. Louis filed a motion to remand the case to state court for want of jurisdiction. Citing the fact that complete diversity no longer existed between the opposing parties, the district court remanded the case to state court on August 7, 1996.

Florida Wire has now petitioned this Court for a writ of mandamus directing the district court to (1) deny St. Louis's motion to join Keller as a direct defendant, and (2) vacate its order remanding the case to state court. Before we can consider this petition, we must decide whether we have jurisdiction over it, or if § 1447(d)'s prohibition on review of remand orders "by appeal or otherwise" applies here. As noted above, there are some small chinks in the wall against review that § 1447(d) erects. See generally *In the Matter of Continental Casualty Co.*, 29 F.3d 292, 293 (7th Cir.1994); *In the Matter of Amoco Petroleum Additives Co.*, 964 F.2d 706, 708 (7th Cir.1992). In *Thermtron*, the Supreme Court held that although remand orders explicitly authorized by 28 U.S.C. § 1447(c) fell squarely within the § 1447(d) prohibition, review was possible where the remand order was not based on § 1447(c) or any other ground expressed in the statute. (The district court judge in *Thermtron* had remanded because his docket was too crowded.) *Thermtron*, 423 U.S. at 351–52, 96 S.Ct. at 593–94. See also *Things Remembered, Inc. v. Petrarca*, —— U.S. ——, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995) (reaffirming that remand orders based on grounds covered by § 1447(c) may not be reviewed). Developing this distinction further, the Court found in *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 356–57, 108 S.Ct. 614, 622–23, 98 L.Ed.2d 720 (1988), that it could review an order remanding a properly removed case to state court when all federal law claims had been eliminated and only pendent state claims remained. In that case, the district court had considered two distinct statutory provisions authorizing remands, §§ 1441(c) and 1447(c), and it had concluded that neither one applied. *Id.* at 346, 108 S.Ct. at 616–17. In dissent, Justice White argued that cases could be remanded "only for reasons authorized by statute," and thus that the pendent jurisdiction doctrine was improperly used. *Id.* at 357–59, 108 S.Ct. at 623 (White, J., dissenting). Finally, in *Quackenbush v. Allstate Ins. Co.*, —— U.S. ——, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996), the Court permitted review of an abstention-based remand order as one not falling within the scope of § 1447(c).

Florida Wire's petition presents us with the question whether a remand order based on the statutory ground furnished by 28 U.S.C. § 1447(e) falls within the general prohibition of § 1447(d) or the *Thermtron* exception. Section 1447(e) reads as follows:

If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

This describes St. Louis's case perfectly: St. Louis, the plaintiff in the original action, asked to join Keller as an additional direct defendant, but the joinder of Keller would destroy the complete diversity required by § 1332. The district court chose the second option provided by the statute when it permitted joinder and ordered the action remanded to the state court.

Faced with the same situation, the Fourth Circuit concluded in *Washington Suburban Sanitary Comm'n v. CRS/ Sirrine, Inc.*, 917 F.2d 834 (4th Cir.1990), that a remand order under § 1447(e) is one authorized by statute, and thus one for which § 1447(d) precludes review by appeal or otherwise. It found no significance, under the *Thermtron* line of cases, in the fact that the particular statutory section authorizing this remand was § 1447(e), rather than § 1447(c). The Court's opinion in *Things Remembered*, as well as Justice White's dissenting opinion in *Cohill*, make it clear that the important distinction is between remand orders authorized by statute, which are nonreviewable, and those that are not, which are reviewable. *Hernandez v. Brakegate, Ltd.*, 942 F.2d 1223, 1225 (7th Cir.1991), similarly held that § 1447(d) extends to all statutorily authorized remands, even though it did not mention § 1447(e) specifically. It is worth noting that § 1447(e) was not enacted until after the decision in *Thermtron*, making it clear that no negative inference about *Thermtron's* failure to mention § 1447(e) would be warranted. See David D. Siegel, "Commentary on 1988 Revision of Section 1447," 28 U.S.C.A. 1447 (noting that § 1447(e) was enacted by the Judicial Improvements and Ac-

cess to Justice Act of 1988, Pub.L. No. 100–702, § 1016(c)(2), 102 Stat. 4670).

We therefore hold that we have no jurisdiction to review, by mandamus or otherwise, the district court's decision to remand this action to state court pursuant to 28 U.S.C. § 1447(e). Florida Wire's petition for a writ of mandamus is DISMISSED for want of jurisdiction.