**Catt Michele HUTH, an individual, Plaintiff–Appellee,**

v.

**The HARTFORD INSURANCE COMPANY OF THE MIDWEST, an Indiana corporation, Defendant–Appellant.**

No. 01–16294.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 2002.

Filed July 30, 2002.

Steven Plitt and Daniel Maldonado, Sanders & Parks, Phoenix, AR, for the defendant-appellant.

G. David Gage, Gage & Mathers, Phoenix, AR, for the plaintiff-appellee.

Before LAY,[1] THOMPSON and TALLMAN, Circuit Judges.

1. The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

## OPINION

LAY, Circuit Judge.

On October 31, 2000, Hartford Insurance Company filed a federal declaratory judgment action seeking a declaration that Catt Michele Huth is not entitled to underinsured motorist benefits under her mother's policy because she was not a resident of her mother's household at the time of her automobile accident. On November 8, 2000, Huth filed a similar declaratory judgment action in Arizona state court claiming she is entitled to benefits. Hartford removed the state action to federal district court on the basis of diversity jurisdiction. 28 U.S.C. § 1332 (2002). The two cases were then consolidated.

Huth filed a motion to remand the removed state court action and to stay Hartford's federal action. She urged the district court to decline jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a) (2002). The district court granted Huth's motion. Hartford timely appealed.

### Analysis

#### Appellate Jurisdiction

■ As a general rule, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise...." 28 U.S.C. § 1447(d) (2002). Huth, however, does not challenge subject matter jurisdiction or the validity of the removal procedures. Appellate review of the remand order, therefore, is appropriate. See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 711–12, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (" '[Section] 1447(d) must be read in pari materia with § 1447(c), so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d) ....' ")

(citation omitted). The district court's order is effectively a "final order;" it places Hartford "out of [federal] court" and has the effect of "surrender[ing] jurisdiction of a federal suit to a state court." Snodgrass v. Provident Life & Accident Ins. Co., 147 F.3d 1163, 1166 (9th Cir.1998). We hold we have jurisdiction under 28 U.S.C. § 1291. See Quackenbush, 517 U.S. at 711–12, 116 S.Ct. 1712.

#### Section 2201 Jurisdiction

■ The exercise of jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), is committed to the sound discretion of the federal district courts. See, e.g., Wilton v. Seven Falls Co., 515 U.S. 277, 282–83, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995); Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494–95, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942); Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir.1998) (en banc). Even if the district court has subject matter jurisdiction, it is not required to exercise its authority to hear the case. See Dizol, 133 F.3d at 1223.

#### A. No Pending State Action

■ Hartford argues the absence of a pending state action precludes a district court from declining discretionary jurisdiction. It urges that a district court declining jurisdiction in the absence of a pending state proceeding ignores the purpose of granting district courts discretion. Cf. Town of Lockport, N.Y. v. Citizens for Cmty. Action at the Local Level, Inc., 430 U.S. 259, 264 n. 8, 97 S.Ct. 1047, 51 L.Ed.2d 313 (1977) ("[P]rinciples of comity ... do not require that a federal court abandon jurisdiction it has properly acquired simply because a similar suit is later filed in a state court."). However, as

we discuss, there are other balancing factors the district court must weigh. This inquiry is for the district court in the first instance. *See Wilton,* 515 U.S. at 289, 115 S.Ct. 2137 ("We believe it is more consistent with the statute to vest district courts with discretion in the first instance, because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within their grasp."). It falls to the appellate courts only to determine whether a district court abused its discretion under the circumstances of the given case. *Id.*

Hartford also notes that we have stated that "there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Dizol,* 133 F.3d at 1225. From this statement, Hartford argues the district court *must* retain jurisdiction when there is no pending state action.

As the district court noted, however, the *Dizol* court explicitly limited its holding. It held only that a district court need not decide sua sponte whether jurisdiction under § 2201(a) should be declined, and that the appellate court need not decide sua sponte whether the district court abused its discretion in exercising discretionary jurisdiction. *Id.* at 1227. Moreover, the *Dizol* court qualified its language by noting that "when other [non-discretionary] claims are joined with an action for declaratory relief . . ., the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief . . . [in order] to avoid piecemeal litigation." *Id.* at 1225. The court observed the general rule of discretion: "But these are considerations for the district court, which is in the best position to assess how judicial economy, comity and federalism are affected in a given case." *Id.* at 1226.

Equally important is the fact that Hartford's favored language does not support

its proposition. The fact that there is no presumption in favor of declining jurisdiction does not prove there is a presumption in favor of retaining jurisdiction. The simpler reading is that the language merely affirms the well-accepted rule that the decision whether to exercise jurisdiction over a declaratory action lies in the sound discretion of the district court.

## B. Abuse of Discretion

■ *Brillhart* sets forth the primary factors for consideration. A district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation. *Dizol,* 133 F.3d at 1225. These factors, however, are not necessarily exhaustive. *See Am. States Ins. Co. v. Kearns,* 15 F.3d 142, 145 (9th Cir.1994) (Garth, J., concurring).

■ The district court's discretion is not unfettered. "[A] District Court cannot decline to entertain such an action as a matter of whim or personal disinclination." *Dizol,* 133 F.3d at 1223 (quoting *Public Affairs Assocs. v. Rickover,* 369 U.S. 111, 112, 82 S.Ct. 580, 7 L.Ed.2d 604 (1962)). Likewise, "if a party properly raises the issue in the district court, the district court must make a sufficient record of its reasoning to enable appropriate appellate review." *Id.* at 1225. In its Order, the district court stated its reasoning under each *Brillhart* factor in satisfaction of the requirement that the court make a record of its reasoning sufficient to allow review. The only question is whether the district court's rationale satisfies *Brillhart.*

The district court held that "avoiding duplicative litigation" favored neither party; we agree. The case will be disposed of entirely either in state or federal court, depending upon the outcome of

this appeal. Absent a presumption either in favor of or against the district court's exercise of discretionary jurisdiction, the district court did not abuse its discretion by determining this factor was a wash.

The district court also found that"avoiding forum shopping" favored neither party, noting Huth merely preferred state resolution while Hartford preferred federal resolution. Again, we agree. Admittedly, Hartford filed first, and in *Dizol* we noted, "federal courts should generally decline to entertain reactive declaratory actions." *Id.* Yet, there is no question that both parties seek declaratory relief, and the fact that Hartford won the race to the courthouse by several days does not place it in a preferred position. In *Wilton,* the Court suggested that the order of filing is legally insignificant when it ruled in favor of a state action filed several weeks after a federal action. *Wilton,* 515 U.S. at 279–80, 290, 115 S.Ct. 2137. In light of these considerations, we cannot hold the district court abused its discretion in its analysis of this factor.

Finally, the district court noted that both the federal and state actions involve the same purely state law issue. It held that state court would be the preferable forum. Hartford argues the district court erred because no "exceptional circumstances" justify abstention. "Exceptional circumstances," however, is not the standard for discretionary jurisdiction under 28 U.S.C. § 2201. *Wilton,* 515 U.S. at 286–88, 115 S.Ct. 2137 (distinguishing *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 810–20, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)). Admittedly, there is no great need for state court resolution of an open question of state law in this case. Yet, without a presumption in favor of retaining jurisdiction, we cannot find that the district court

abused its discretion by declining jurisdiction.

Judgment AFFIRMED.