David **STEVENS**; Donald A. Goines, on behalf of all others similarly situated, Plaintiffs–Appellees,

v.

**BRINK'S HOME SECURITY, INC.,**
Defendant–Appellant,

and

Eddie Keeley Agnich, aka Skip Keeley; Howard Goakey, Defendants.

No. 03–35217.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 2004.

Filed Aug. 4, 2004.

Daniel L. Thieme, Seattle, WA, for the defendant–appellant.

Martin S. Garfinklel, Seattle, WA, for the plaintiffs–appellees.

Before: PREGERSON, THOMPSON, and CALLAHAN, Circuit Judges.

THOMPSON, Senior Circuit Judge:

In this appeal, we are called upon to decide whether we have jurisdiction to review an order of the district court that granted the plaintiffs' motion to amend their complaint to add non-diverse defendants, and then remanded the case to state court. The amendment of the complaint destroyed diversity, which was the sole basis for federal court jurisdiction.

We conclude we lack appellate jurisdiction because the district court's remand order is unreviewable under 28 U.S.C. § 1447(d), and even if the amendment order is separable from the remand order, the amendment order is not a final order under 28 U.S.C. § 1291, nor is it reviewable under the collateral order exception. *See Jeff D. v. Kempthorne*, 365 F.3d 844, 849 (9th Cir.2004). Accordingly, we dismiss this appeal.

## I

David Stevens and Donald Goines filed a class action complaint in Washington state court against their employer, Brink's Home Security ("the appellant"). The complaint sought unpaid wages and over-time pay pursuant to the state's labor laws. The appellant properly removed the action to the United States District Court for the Western District of Washington on the basis of federal diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a)(1) and 1441(a). Twenty days after removal, the plaintiffs moved to amend the complaint and to re-mand the action to state court under 28 U.S.C. § 1447(c) and (e). By the proposed amendment, the plaintiffs sought to add two new defendants whose presence would destroy complete diversity of citizenship among the parties. In a single order, the district court granted the plaintiffs' motion to amend, and remanded the case to state court.

The appellant argues that the amend-ment order is separable from the remand order, that it is independently appealable, and therefore we have jurisdiction to con-sider the question whether the district court erred in permitting amendment of the complaint to add the non-diverse par-ties. The appellant also contends we have jurisdiction to review the remand order.

## II

We need not decide whether the amend-ment order is separable from the remand order, because even if it is, the amendment order is not appealable as a final order under 28 U.S.C. § 1291, nor is it appeal-able under the collateral order exception to § 1291's finality requirement. Thus, for purposes of this appeal, we may assume that the amendment order is a separable order.

The concept of separableness of remand orders originated in *City of Waco v. Unit-ed States Fidelity & Guaranty Company*, 293 U.S. 140, 55 S.Ct. 6, 79 L.Ed. 244 (1934). In that case, the City of Waco, Texas was sued in state court and cross-claimed against its surety, Fidelity, a citi-zen of Maryland. Fidelity removed the case to federal court on the ground of diversity. On motion from the original plaintiff, the district court dismissed the City's cross-claim against Fidelity and re-manded the case to state court. The City appealed the dismissal of its cross-claim. The court of appeals held that because the case had been remanded to state court, albeit as a result of the dismissal of the cross-claim against Fidelity, the appeal was from the remand order and that order was not appealable. The Supreme Court reversed, stating:

> True, no appeal lies from the order of remand; but in logic and in fact the decree of dismissal preceded that of re-mand and was made by the District Court while it had control of the cause. Indisputably this order is the subject of an appeal; and, if not reversed or set aside, is conclusive upon the petitioner.

*Id.* at 143, 55 S.Ct. 6.

In a string of recent decisions, the Fifth Circuit has restated *City of Waco's* separa-ble order concept as a two-part inquiry. "To be separable, the decision [here the amendment order] must meet two criteria. First the decision must have preceded the remand order in logic and fact.... Second, the decision must be conclusive, i.e., func-tionally unreviewable in state courts." *Dahiya v. Talmidge International, Ltd.*, 371 F.3d 207, 210 (5th Cir.2004) (internal quotations and citations omitted). *See also Heaton v. Monogram Credit Card Bank*, 297 F.3d 416, 421 (5th Cir.2002); *Doleac v. Michalson*, 264 F.3d 470, 479 (5th Cir. 2001). But, even if the amendment order

meets the requirements for a separable order, a question we need not decide, the order still must be appealable as a final order under 28 U.S.C. § 1291 or under the collateral order exception. *Id.* at 489.

■ The amendment order is not a "final decision" within the meaning of 28 U.S.C. § 1291 because it was not "a full adjudication of the issues[.]" *Way v. County of Ventura,* 348 F.3d 808, 810 (9th Cir.2003) (quoting *United States v. Lummi Indian Tribe,* 235 F.3d 443, 448 (9th Cir. 2000)). Nor is the amendment order reviewable on appeal as a discretionary order declining to exercise federal jurisdiction. *Cf. Huth v. Hartford Ins. Co. of the Midwest,* 298 F.3d 800, 802 (9th Cir.2002) (district court's order declining to exercise jurisdiction pursuant to Federal Declaratory Judgment Act was a "final order" under 28 U.S.C. § 1291; appellate review appropriate under *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 711–12, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996)).

■ We would have jurisdiction to review the amendment order only if it falls within the "narrow class of decisions that do not terminate the litigation, but must, in the interest of achieving a healthy legal system, nonetheless be treated as final." *Jeff D.,* 365 F.3d at 849 (quoting *Digital Equipment Corp. v. Desktop Direct, Inc.,* 511 U.S. 863, 867, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994)). As we stated in *Jeff D.,* "in order to fall into this class of immediately appealable orders, a district court decision must be [ (1) ] conclusive, [ (2) ] resolve important questions[ (3) ] completely separate from the merits, and [ (4) ] render such important questions effectively unreviewable on appeal from a final

judgment in the underlying action." *Jeff D.,* 365 F.3d at 849.

The amendment order at issue in this case does not meet what we have classified above as the second *Jeff D.* requirement. Although the order resolves a question— whether to add non-diverse defendants— which is "completely separate" from the ultimate issue of the appellant's liability, the order does not resolve an "important" question. We need not consider the other *Jeff D.* requirements.

"Importance," as the Supreme Court emphasized in *Digital Equipment,* is not unimportant in the collateral doctrine analysis. *Digital Equipment,* 511 U.S. at 878, 114 S.Ct. 1992. The appellant asserts that it has an important right to a federal forum and, because the addition of non-diverse defendants triggered the loss of that forum, review and reversal of the amendment order is the only way it can avail itself of its right to litigate this diversity case in federal court.

The fallacy of this argument is its premise that the loss of a federal forum presents a sufficiently important question in the collateral order context to permit appellate review. It does not. By enacting 28 U.S.C. § 1447(d), Congress made a policy choice.[1] It determined "that the right to a federal forum is not so significant that denial of that forum always merits review—just the opposite." *Doleac,* 264 F.3d at 491. Congress chose the speedy resolution of lawsuits over appellate review to correct errors of statutory remand. "In the light of that congressional policy determination, the issue of the amendment is not too important to be denied review," *id.,*

---

1. We discuss § 1447(d) more fully in Part III, where we address the appellant's argument that the remand order is appealable under the Supreme Court's limitation of the reach of § 1447(d)'s review immunity. *See Quacken-* *bush,* 517 U.S. at 711–12, 116 S.Ct. 1712; *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 346, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976).

even if it causes the appellant the loss of its federal forum.

We conclude that the amendment order, which is not a final appealable order under 28 U.S.C. § 1291, lacks sufficient "importance" to make it appealable under the collateral order exception. Thus, assuming without deciding that it is separable from the remand order, we do not have jurisdiction to review it. We next consider whether the remand order itself is appealable.

### III

Under 28 U.S.C. § 1447(d), remand orders for other than civil rights cases are "not reviewable on appeal or otherwise[.]"[2] Notwithstanding this statutory mandate, the Supreme Court in *Thermtron* held that § 1447(d) did not bar review of a district court's remand order that was issued because of a crowded docket. *Thermtron,* 423 U.S. at 345, 96 S.Ct. 584. The Court reasoned that § 1447(d) is *"in pari materia"* with § 1447(c) and the two sections "must be construed together." *"Id.* Therefore, 'only remand orders issued under § 1447(c) and invoking the grounds specified therein that removal was improvident and without jurisdiction are immune from review under § 1447(d).'" *Id.* at 346, 96 S.Ct. 584. *See also Quackenbush,* 517 U.S. at 711–12, 116 S.Ct. 1712. Because the instant remand was issued pursuant to § 1447(e) and not § 1447(c), the appellant

argues that § 1447(d) does not bar review. We disagree.

Two of our sister circuits have held that § 1447(d)'s bar to reviewability applies equally to remands under § 1447(c) and § 1447(e). In *Washington Suburban Sanitary Commission v. CRS/Sirrine, Inc.,* 917 F.2d 834 (4th Cir.1990), the Fourth Circuit concluded that there is no "reason to treat the grounds for remand authorized by § 1447(e) in a different way than the Supreme Court treated the grounds authorized in § 1447(c)." *Id.,* at 836 n. 5; *accord In re Florida Wire & Cable Co.,* 102 F.3d 866, 868 (7th Cir.1996).

Although we have not previously considered the question of the reviewability of a remand order issued pursuant to § 1447(e), we have adopted a conceptual approach to the general question of remand order reviewability. Appellate review is permissible when a remand "is based on a resolution of the merits of some matter of substantive law apart from any jurisdictional decision . . . ." *Clorox Co. v. United States Dist. Ct.,* 779 F.2d 517, 520 (9th Cir.1985) (internal quotations omitted). We have also stated, relying on *Quackenbush,* that appellate "review of a district court's *discretionary* decision not to exercise jurisdiction" is permissible. *Abada v. Charles Schwab & Co., Inc.,* 300 F.3d 1112, 1116–17 (9th Cir.2002) (emphasis in original) (appeal dismissed because district court's "remand order was not the product of a discretionary decision that

---

**2.** Three subsections of 28 U.S.C. § 1447 interplay in our analysis. The relevant parts of the statute are:

(c) If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded

. . . .

(d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except

that an order remanding a case . . . pursuant to section 1443 of this title [civil rights cases] shall be reviewable by appeal or otherwise.

(e) If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder or permit joinder and remand the action to the State court.

would be subject to appellate review"); *see also Huth,* 298 F.3d at 802 (remand order which *was* product of district court's discretionary decision not to exercise jurisdiction under Federal Declaratory Judgement Act was subject to appellate review).

In the present case, although the district court's decision to allow joinder of the non-diverse defendants was a discretionary decision, once the non-diverse defendants were joined remand became mandatory. This is precisely the point of § 1447(e). It requires a district court either to deny joinder of non-diverse defendants or to permit joinder and remand the case to state court. A district court may not allow joinder and retain jurisdiction. *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1068 (9th Cir.2001). Thus, we join the Fourth and Seventh Circuits and hold that the district court's remand order, issued pursuant to 28 U.S.C. § 1447(e), is immune from appellate review under 28 U.S.C. § 1447(d).

## IV

In sum, the district court's order permitting the plaintiffs to amend the complaint to add non-diverse defendants, assuming it is separable from the remand order, is not a final order reviewable on appeal under 28 U.S.C. § 1291; nor is it reviewable as a collateral order. The district court's remand order, issued pursuant to 28 U.S.C. § 1447(e), is barred from appellate review by 28 U.S.C. § 1447(d). We therefore lack appellate jurisdiction, and dismiss this appeal.

**APPEAL DISMISSED.**