# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 9, 2010

No. 10-30288
Summary Calendar

Lyle W. Cayce
Clerk

DORA A. BOUDREAUX, Trustee for Alzec J. Autin Revocable Living Trust,

Plaintiff - Appellee

v.

U.S. FLOOD CONTROL CORPORATION,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-3211

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

The trustee of the Alzec J. Autin Revocable Living Trust, Dora Boudreaux ("Boudreaux"), brought suit against U.S. Flood Control Corporation ("U.S. Flood") in Louisiana state court, alleging trespass on land owned by the trust. Boudreaux alleged that U.S. Flood, through the actions of its local employee, Toby Champagne ("Champagne"), had, without consent, stored materials on the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30288

trust's land.  U.S. Flood removed the suit to the United States District Court for the Eastern District of Louisiana on the basis of diversity jurisdiction.

Following removal, U.S. Flood moved for summary judgment, claiming that it could not be held vicariously liable for Champagne's actions because he was not acting within the course and scope of his employment.  In response to this motion, Boudreaux sought leave to add Champagne as a defendant both in his capacity as an employee of U.S. Flood and in his individual capacity.

The motions for leave to amend were referred to a magistrate judge who determined that Boudreaux had been unreasonably dilatory in seeking the amendments and denied the motions.  Boudreaux appealed the ruling, arguing that she would be significantly injured if not permitted to add Champagne as a defendant.

The district court agreed with Boudreaux, permitted amendment of her complaint, determined that the addition of Boudreaux defeated its subject matter jurisdiction, and remanded the suit to Louisiana state court.  U.S. Flood appealed this order, noticing both the leave to amend and the remand orders.

"Before we can proceed to the merits of this appeal, we must examine whether we have jurisdiction to do so.  We have jurisdiction to determine our own jurisdiction."  *Martin v. Halliburton*, 601 F.3d 381, 386 (5th Cir. 2010) (citing *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 169 (5th Cir.2009)).  Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  And under § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ."  *Id.* § 1447(d).

We have construed § 1447 as prohibiting review of orders remanding cases for lack of subject matter jurisdiction where lack of jurisdiction resulted from

2

No. 10-30288

joinder of non-diverse parties. *See Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 493 (5th Cir. 2001) (dismissing appeal because "the amendment joining [nondiverse party] as a defendant was a separable order but did not come within the collateral order exception. Therefore, § 1447(d) bars our review of the remand and also of the amendment itself. Such preclusion, based upon the dictates of § 1447(d), is not unconstitutional."). "We are bound by this precedent." *Martin*, 601 F.3d at 390 (citing *United States v. Rose*, 587 F.3d 695, 705 (5th Cir. 2009) (per curiam)).

APPEAL DISMISSED.