FILED

**NOT FOR PUBLICATION**

MAY 09 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRY P. TOMLINSON, by and through KARA YOUNG, Conservator and Co-Guardian for Jerry P. Tomlinson, a disabled person, and ALAYNA R. BETCHER,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>Defendant - Appellee. | No. 10-35376<br><br>D.C. No. 4:09-cv-00030-RRB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Submitted May 4, 2011[**]
Anchorage, Alaska

Before: ALARCÓN, GRABER, and BYBEE, Circuit Judges.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Jerry P. Tomlinson, by and through Kara Young, Conservator and Co-Guardian for Tomlinson, a disabled person, appeals from the district court's order denying his motion for summary judgment and granting summary judgment to defendant GEICO General Insurance Company ("GEICO").[1]  He disputes the district court's interpretation of the term "temporary substitute auto" in the GEICO automobile insurance policy covering Anneke Merritt.  He also appeals from the district court's order denying remand to the state court, on the grounds that the district court lacked jurisdiction under 28 U.S.C. § 1332 or, alternatively, that the district court's exercise of jurisdiction was improper under *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942).  We affirm.

**I**

Tomlinson contends the district court lacked subject matter jurisdiction over this matter.  He asserts that, because the $75,000 amount-in-controversy threshold for a diversity action has not been met, the district court erred in denying his motion to remand.  "The existence of subject matter jurisdiction is a question of law reviewed *de novo*."  *Reeb v. Thomas*, ___ F.3d ___, No. 09-35815, 2011 WL 723106, at *1 (9th Cir. Mar. 3, 2011).

---

[1]Although Alayna Betcher is the real party-in-interest, Betcher was neither an active participant in the litigation before the district court nor is she active in this appeal.

In an action for declaratory relief, where "the applicability of . . . liability coverage to a particular occurrence is at issue, the amount in controversy is the value of the underlying potential tort action." *Budget Rent-a-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997). The agreement between Tomlinson and Betcher, which Tomlinson attached as Exhibit 2 to his complaint and "incorporated [therein] by reference as if set forth in full," states that Tomlinson reserves the right to seek damages against Betcher with respect to Merritt's GEICO policy up to the liability cap, which is $100,000. As this amount exceeds the $75,000 threshold for diversity jurisdiction, 28 U.S.C. § 1332(a), the district court did not err in denying Tomlinson's motion to remand for a lack of subject matter jurisdiction.

## II

Tomlinson argues that, if the district court had jurisdiction, it abused its discretion in declining to abstain and remand to state court pursuant to *Brillhart*, 316 U.S. 491. "[W]e review discretionary decisions about the propriety of hearing declaratory judgment actions for abuse of discretion." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005).

The *Brillhart* factors do not weigh in favor of abstention. Although the issue here is one of state law, there is no parallel state court action pending, and

3

removal alone is not indicative of forum-shopping. *See GEICO v. Dizol*, 133 F.3d 1220, 1225 & n.5 (9th Cir. 1998) (en banc) (identifying factors relevant to whether abstention is appropriate under *Brillhart*); *see also Huth v. Hartford Ins. Co. of Midwest*, 298 F.3d 800, 804 (9th Cir. 2002) (forum-shopping not a concern where one party prefers state court and the other federal). The district court did not abuse its discretion in declining to abstain and remand.

### III

On the merits, Tomlinson contends the district court erred in holding that Betcher's car was not a "temporary substitute auto" under the terms of Merritt's auto insurance policy with GEICO with respect to the July 4, 2007 collision. "The meaning and interpretation of an insurance contract is a question of law reviewed de novo." *Stanford Univ. Hosp. v. Fed. Ins. Co.*, 174 F.3d 1077, 1083 (9th Cir. 1999). We also review de novo a grant of summary judgment. *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 776 (9th Cir. 2010) (citations omitted).

Under Merritt's GEICO policy,

> "*Temporary substitute auto*" means an automobile or trailer, not owned by you, temporarily used with the permission of the owner. The vehicle must be used as a substitute for the *owned auto* or trailer when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction.

4

Tomlinson asserts that a vehicle is a "temporary substitute auto" if it is put to the same use or purpose as the disabled vehicle would have been but for its disablement. He argues that Betcher's vehicle was therefore a temporary substitute for Merritt's under the policy. If Merritt had not lost her keys, however, she would not have used her own car for the purpose of retrieving her keys from Fairbanks because she would not have *needed* to do so. In bringing Merritt the keys, Betcher was not performing a task that Merritt would have otherwise performed; she was merely assisting Merritt in reenabling her own car. Betcher's vehicle thus was not put to the same use or purpose as Merritt's would have been had Merritt not lost her keys.

Under Alaska law, policy restrictions in liability contracts are construed "to give effect to the insured's objectively reasonable expectations." *Whittier Props., Inc. v. Alaska Nat'l Ins. Co.*, 185 P.3d 84, 91 (Alaska 2008). We agree with the district court that Merritt and GEICO would not reasonably have expected Betcher's car to constitute a temporary substitute auto under these circumstances. The district court did not err in granting GEICO's motion for summary judgment. *See* Fed. R. Civ. P. 56(a).

**AFFIRMED.**

5