# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 10, 2013

No. 12-30711

Lyle W. Cayce
Clerk

SHARON G. FONTENOT, et al,

Plaintiffs-Appellees

v.

WATSON PHARMACEUTICALS, INC., et al,

Defendants-Appellants

Appeal from the United States District Court
for the Western District of Louisiana

Before JONES and CLEMENT, Circuit Judges, and KAZEN, District Judge.[*]

KAZEN, District Judge:

After Plaintiffs-Appellees' case was removed from state court on the basis of diversity jurisdiction, the district court allowed the joinder of several non-diverse defendants and remanded the case pursuant to 28 U.S.C. § 1447(e). Defendants-Appellants appealed the district court's order, claiming that the remand was in error since the joinder ruling was a prohibited exercise of supplemental jurisdiction under 28 U.S.C. § 1367(b). Because we lack appellate jurisdiction, we DISMISS.

---

[*] District Judge of the Southern District of Texas, sitting by designation.

No. 12-30711

## BACKGROUND

For the sake of brevity, we condense the long and complicated history of this case.  In early 2009, Joseph Fontenot died in a Louisiana hospital after being administered a transdermal pain patch. His wife, Sharon Fontenot, and six children ("Appellees") filed suit in Louisiana state court, asserting tort claims against the hospital and various entities involved in the manufacture and sale of the pain patches. Over a year later, one of the defendants-manufacturers removed the case to federal court on the basis of diversity jurisdiction.

At that point, the parties were not actually diverse, but the manufacturer asserted that the non-diverse healthcare providers were improperly named defendants under the Louisiana medical malpractice statute, which bars claims against qualified healthcare providers until a medical review panel has evaluated them. *See* LA. REV. STAT. § 40:1299.47(A)(1)(a) & (B). The district court agreed and dismissed the non-diverse defendants without prejudice. Appellees later amended their complaint to add Watson Pharmaceuticals, Inc., Watson Laboratories, Inc. and Watson Pharma, Inc. ("Appellants"), as defendants, and after two voluntary dismissals, Appellants were the only defendants remaining.

In the meantime, the medical review panel had completed its work. Consequently, Appellees requested leave to file an amended complaint that would join the non-diverse healthcare providers and the previously dismissed claims against them. Appellants objected, asserting that the motion was barred by 28 U.S.C. § 1367(b). The matter was referred to a magistrate judge. In a lengthy Report and Recommendation, the magistrate judge stated that Appellants were "correct" in contending that § 1367(b) "expressly prohibited" the court from exercising supplemental jurisdiction over the medical malpractice claims in the amended complaint, but added "that is not the proper analysis that should be undertaken."  The magistrate judge, concluding that 28 U.S.C. § 1447(e) governed, then analyzed the proposed joinder under *Hensgens v. Deere*

No. 12-30711

*& Co.*, 833 F.2d 1179, 1181-1183 (5th Cir. 1987), which describes the inquiry for joinder of a non-diverse, dispensable party after removal.  After conducting the *Hensgens* analysis, he recommended joinder and remand. The district court adopted that recommendation, and this appeal followed.

## DISCUSSION

As a threshold issue, this Court must determine whether it has appellate jurisdiction to review the district court's order. *See Backe v. LeBlanc*, 691 F.3d 645, 647 (5th Cir. 2012). Jurisdiction exists to determine the Court's jurisdiction. *Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010). Specifically, we must decide 1) whether we can review a remand order based on the joinder of a non-diverse defendant and 2) whether we can separately review an alleged error in the joinder ruling.

### 1. Reviewability of the Remand Order

The removal statute expressly provides that an order remanding a case to the state court from which it was removed is not reviewable on appeal, with the exception of cases against federal officers and agencies or concerning civil rights. *See* 28 U.S.C. § 1447(d). This bar to appellate review, however, is narrower than the text of the statute would suggest. Concluding that "§ 1447(d) must be read *in pari materia* with § 1447(c)," the Supreme Court added its own gloss to the words of the statute, holding "that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." *Quackenbush v. Allstate Ins. Co.*, 116 S.Ct. 1712, 1718 (1996) (citing *Thermtron Products, Inc. v. Hermansdorfer*, 96 S.Ct. 584, 590 (1976) and *Things Remembered, Inc. v. Petrarca,* 116 S.Ct. 494, 497 (1995)). One such ground is lack of subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c).

Appellants acknowledge the preclusive effect of § 1447(d) on remands based on lack of subject-matter jurisdiction, but argue that a remand order is immune from our review only if it was issued under § 1447(c) and concerned

3

No. 12-30711

jurisdictional defects at the time of removal. Since the remand order here was based on § 1447(e), and the jurisdictional defect arose post-removal, they maintain that § 1447(d) does not prevent our review. This argument, however, is foreclosed by the Supreme Court's reasoning in *Powerex Corp. v. Reliant Energy Services, Inc.*, 127 S.Ct. 2411, 2417 (2007).

In *Powerex*, the Supreme Court held that "when a district court remands a properly removed case because it nonetheless lacks subject-matter jurisdiction, the remand is covered by § 1447(c) and thus shielded from review by § 1447(d)." *Id.* In reaching this holding, the Court relied on the language of § 1447(e), noting that it "unambiguously demonstrates that a case can be properly removed and yet suffer from a failing in subject-matter jurisdiction that requires remand." *Id.* (emphasis in original omitted). In other words, a loss of subject-matter jurisdiction that occurs *after removal* falls within the specified grounds of § 1447(c), and thus a remand on that basis under § 1447(c) is barred from appellate review by § 1447(d).

Although *Powerex* concerned remand orders issued under § 1447(c), "[a] standard principle of statutory construction provides that identical words and phrases within the same statute should normally be given the same meaning." *Id.* (noting also that this principle "is doubly appropriate here, since the phrase 'subject matter jurisdiction' was inserted into § 1447(c) and § 1447(e) at the same time"). Thus, if § 1447(d) precludes appellate review of § 1447(c) remand orders for lack of subject matter jurisdiction after removal, then it necessarily precludes appellate review of § 1447(e) remand orders.

Every Circuit to address the issue has reached the same conclusion. *See Blackburn v. Oaktree Capital Management, LLC*, 511 F.3d 633, 636-37 (6th Cir. 2008); *Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 639 (11th Cir. 2007); *Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 949 (9th Cir. 2004); *Matter of Florida Wire & Cable Co.*, 102 F.3d 866, 868 (7th Cir. 1996); *Washington Suburban*

4

No. 12-30711

*Sanitary Comm'n v. CRS/Sirrine, Inc.*, 917 F.2d 834, 835 (4th Cir. 1990). This Court has intimated its concurrence with this construction of § 1447(d) in a prior, unpublished opinion. *See Boudreaux v. U.S. Flood Control Corp.*, 389 F. App'x 376, 377 (5th Cir. 2010) (dismissing the appeal of a § 1447(e) remand order because "[w]e have construed § 1447 as prohibiting review of orders remanding cases for lack of subject matter jurisdiction where lack of jurisdiction resulted from joinder of non-diverse parties"). Joining the Fourth, Sixth, Seventh, Ninth, and Eleventh Circuits, we now expressly hold that § 1447(d) precludes appellate review of a remand order issued pursuant to § 1447(e).[1]

## 2. Reviewability of the Joinder Ruling

Appellants attempt to avoid the § 1447(d) bar by asking this Court to independently review the alleged error in the joinder ruling that provided the basis for remand. Independent review of this issue, however, is foreclosed by our decision in *Doleac ex rel. Doleac v. Michalson,* 264 F.3d 470, 493 (5th Cir. 2001).

In the context of remand orders, jurisdiction to review a ruling that preceded remand is a two-step inquiry involving both separability from the remand itself and the collateral order doctrine. *See id.* at 479, 485. First, the ruling must be separable "in logic and in fact" from the remand order and be conclusive. *Id.* at 479 (quoting *Waco v. United States Fidelity & Guaranty Co.*, 55 S.Ct. 6 (1934)). In *Doleac*, we held that joinder is an issue separable from the remand order for § 1447(d) purposes. 264 F.3d at 485-89 (citing *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1026 (5th Cir. 1991)). That holding, however, does not end the inquiry. Since no final judgment on the merits was entered in this

---

[1] *Powerex* did allow a limited appellate inquiry into confirming whether the district court's characterization that the remand rested upon lack of subject-matter jurisdiction, as opposed to discretionary or other grounds, was "colorable." 127 S.Ct. at 2417-18. Here, since § 1447(e) remands are *only* for lack of subject-matter jurisdiction, the district court's characterization as such was clearly colorable.

case,[2] the joinder ruling, if reviewable at all, would have to fall under the collateral order doctrine. *See Doleac*, 264 F.3d at 490; *see also Osborn v. Haley*, 127 S.Ct. 881, 892-93 (2007). In this second part of the inquiry, *Doleac* held that, although a joinder ruling that precedes remand is both conclusive and collateral to the rights asserted in the action, it is neither "effectively unreviewable" on appeal from a final judgment nor "too important to be denied review." 264 F.3d at 490-91.

The failure to satisfy these last two requirements highlights the insuperable defect with Appellants' request. Although Appellants express a general desire to remain in federal court, reversing the joinder ruling would do nothing to make this so. As we determined above, the remand itself is irreversible. Thus, we could only offer an impermissible advisory opinion as to the applicability of § 1367(b). *See Powerex*, 127 S.Ct. at 2419.[3] In sum, whatever the merits of the district court's treatment of § 1367(b), appellate review of the district court's joinder ruling is barred.

## CONCLUSION

For the foregoing reasons, we DISMISS for lack of appellate jurisdiction.

---

[2] The district court incorrectly titled the remand order "Judgment," even though the document only granted the request to amend the complaint and remanded the case to state court.

[3] The petitioner in *Powerex* had argued "that § 1447(d) does not preclude review of a district court's merits determinations that precede the remand." 127 S.Ct. at 2419. The Supreme Court found the lower court's application of the narrow exception in *Waco v. United States Fidelity & Guaranty Co.*, 55 S.Ct. 6 (1934), to be "mistaken." *Id.* It concluded that petitioner's argument:

> "amounts to a request for one of two impermissible outcomes: an advisory opinion. . . that will not affect any order of the District Court, or a reversal of the remand order. *Waco* did not, and could not, authorize either form of judicial relief."

*Id.*