# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11327
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 28, 2015

Lyle W. Cayce
Clerk

UNDERWOOD COTTON COMPANY, INCORPORATED,

Plaintiff - Appellee

v.

CLARK FREIGHT LINES, INCORPORATED,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:14-CV-96

Before DAVIS, JONES, and GRAVES, Circuit Judges.

EDITH H. JONES, Circuit Judge:*

This appeal challenges the district court's order dismissing appellant's counterclaim for lack of subject-matter jurisdiction. The dismissal order accompanied an order remanding this case to state court for lack of subject-matter jurisdiction. For the reasons explained below, this appeal is dismissed for lack of appellate jurisdiction.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11327

## BACKGROUND

In the fall of 2013, Appellee Underwood Cotton Company, Inc. ("Underwood") contracted with Texas Gulf Coast Logistics ("TGCL") to unload cotton that Underwood had shipped to TGCL's facility in Houston, then load that cotton into shipping containers, and deliver those containers to the Port of Houston. In response to a series of unforeseen events, TGCL contracted with Appellant Clark Freight Lines, Inc. ("Clark") to complete the delivery of the shipping containers to the port. Based on these deliveries, Clark made a demand and subsequently invoiced Underwood for over $43,000 in shipping services.

Underwood filed suit in the 99th District Court in Lubbock County, Texas seeking a declaratory judgment that it was not liable to Clark for those shipping charges. On June 19, 2014, Clark removed the declaratory judgment action to the United States District Court for the Northern District of Texas. In Clark's Notice of Removal, it asserted the federal district court had federal question jurisdiction based on (1) "the federal common law which governs and controls Underwood's liability", (2) "the whole preemption of the field of interstate commerce and of marine commerce", and (3) "the marine character of the transit and based upon the absence of any concurrent Texas common law remedy available to or saved to Underwood as a suitor."

Ten days later, Clark filed an answer to Underwood's complaint and asserted a counterclaim seeking payment of the shipping charges. Clark "assert[ed] that this counterclaim and Underwood's declaratory judgment action may only proceed in federal district court." Clark's answer and counterclaim based federal jurisdiction on (1) "the federal common law [which] governs and controls the rights and obligations of both CFL and Underwood" due to the movement of the cotton (2) "as part of an interstate . . . transit of

No. 14-11327

goods and as part of a marine transportation of goods." "In this regard," Clark contended, (3) "the federal common law preempts any Texas law."

In a single opinion and order, the district court dismissed the counterclaim for lack of subject matter jurisdiction and remanded the case to state court. The court described the counterclaim as a "converse breach of contract action to Underwood's declaratory judgment action" and ruled that Clark had "not proved that there is federal jurisdiction over the declaratory judgment action and the counterclaims involved in this case." After its motion for reconsideration was denied, Clark timely appealed the dismissal of its counterclaim.

## DISCUSSION

This Court has jurisdiction to determine whether its own appellate jurisdiction exists. *Fontenot v. Watson Pharms., Inc.*, 718 F.3d 518, 520 (5th Cir. 2013). Under 28 U.S.C. § 1447(d) and the Supreme Court's interpretation of that statute, there is no appellate review of remand orders premised on lack of subject-matter jurisdiction. *Arnold v. State Farm Fire & Cas. Co.*, 277 F.3d 772, 775 & n.2 (5th Cir. 2001). This court, however, "may review any aspect of a judgment that is distinct and separable from the remand proper." *Regan v. Starcarft Marine, LLC*, 524 F.3d 627, 631 (5th Cir. 2008) (quoting *First Nat'l Bank v. Genina Marine Servs, Inc.*, 136 F.3d 391, 394 (5th Cir. 1998)). In this appeal, Clark noted carefully that it was not appealing the remand order itself, but only the dismissal of its counterclaim for lack of jurisdiction. Thus, the primary issue before this Court is whether the dismissal of Clark's counterclaim is "distinct and separable" from the remand order.

An order is "distinct and separable" if it precedes the remand order "in logic and in fact" and is "conclusive." *Id.* An order precedes a remand "in logic and in fact" when the prior order is what deprives the court of subject-matter jurisdiction and necessitates the remand. *See, e.g., Heaton v. Monogram Credit*

No. 14-11327

*Card Bank of Ga.*, 297 F.3d 416, 421 (5th Cir. 2002) (finding an order preceded the remand in logic and in fact when the remand decision was "necessarily predicated" on the order).  An order is conclusive when "it will have a preclusive effect in the state-court litigation and will not be subject to review there." *Regan*, 524 F.3d at 631 (quoting *First Nat'l Bank*, 136 F.3d at 394).  A separate order "does not just determine the forum in which a claim will be heard.  It . . . determines whether there is any claim to be heard in any forum."  *Id.* at 631–32.

Both parties rely on *Regan v. Starcraft Marine, LLC* to support their positions on appellate jurisdiction.  *Id.* at 627.  In *Regan*, the plaintiff sued several private defendants in state court over a boating accident that occurred at a military facility.  *Id.* at 630.  One of the private defendants filed a third-party complaint against the United States under the Federal Tort Claims Act ("FTCA") and the government removed the case to federal court.  *Id.*  The district court dismissed the complaint against the government under the *Feres* doctrine, "which bars tort suits against the United States by or on behalf of service members whose injuries arise out of activity incident to their military service."  *Id.* (footnote omitted).  The district court then remanded the case back to state court.  This court held that it had jurisdiction to consider the order dismissing the United States from the suit.  *Id.* at 633.  In particular, this court found the dismissal order to be conclusive because, unless there was review, "there [would be] no claim to be heard anywhere against the United States on these facts."  *Id.* at 632.

The differences between *Regan* and this case demonstrate why there is no appellate jurisdiction here.  In *Regan*, the dismissal of the United States preceded the remand in logic and in fact because as long as the government remained in the lawsuit, there was federal jurisdiction.  Dismissing the government from the lawsuit allowed the district court to subsequently

4

remand the case for lack of subject-matter jurisdiction. Furthermore, the dismissal order was conclusive because the United States could not be made a third-party defendant to an FTCA suit in state court. *See* 14 Charles Alan Wright et al., Federal Practice & Procedure § 3658 (2013) ("The district courts have exclusive jurisdiction over actions under the Federal Tort Claims Act."). In *Regan*, dismissing the government and remanding the case meant that the United States would completely escape its potential liability.

In this case, however, the dismissal of the counterclaims did not precede the remand in logic and fact. Dismissing the counterclaims did not deprive the court of subject-matter jurisdiction; the district court ruled it never had jurisdiction to begin with. As demonstrated above and as the district court found, the counterclaims were a mirror image of the declaratory judgment action. The district court's determination that the counterclaims lacked jurisdiction was a simultaneous recognition that the declaratory judgment action lacked jurisdiction.

Nor is the dismissal of the counterclaims conclusive or, at the very least, any more conclusive than the remand order itself. In finding that there was no federal jurisdiction over the counterclaims and the declaratory judgment action, the district court was merely determining in which forum the claims could be heard. Clark will be able to raise its counterclaims in state court. Clark argues that the state court will likely give "issue-conclusive weight" to the district court's determination that there is no maritime commerce involved in this action. There are two responses to this contention. First, this circuit's precedent establishes that jurisdictional determinations are not conclusive for purposes of appellate jurisdiction over remand orders. *See Dahiya v. Talmidge Int'l, Ltd.*, 371 F.3d 207, 210 (5th Cir. 2004) (citing *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 486 (5th Cir. 2001)). Second, the jurisdictional determination regarding the counterclaims in this case is no more conclusive

No. 14-11327

than the jurisdictional determination regarding the remand order. Where Congress specifically excluded the latter from appellate jurisdiction, allowing the counterclaim dismissal to be reviewed would be an end-run around this explicit statutory limitation.

This result is supported by *Dahiya v. Talmidge International, Ltd.* 371 F.3d at 207. In *Dahiya*, the defendants removed a case under a statute allowing removal of certain actions subject to foreign arbitration agreements. *Id.* at 208. The district court concluded that there was no valid arbitration agreement, denied the defendant's motion to compel arbitration, and remanded the dispute to state court. *Id.* On appeal, this court refused to review the denial of the motion to compel and dismissed for lack of appellate jurisdiction. *Id.* at 209–10. This court stated that the district court's ruling that the arbitration agreement was invalid was jurisdictional and could be "revisited by a state court upon remand." *Id.* at 211. As such, it was not conclusive and could not be reviewed independently of the remand order. *Id.* A contrary rule, this court recognized, "would circumvent § 1447(d) by affording review of remand orders issued in nearly every case removed" under the arbitration removal statute. *Id.* at 210.

The same is true in this case. Clark will have ample opportunity to be heard on all its counterclaims in state court. A review of the dismissal of those counterclaims by this court would operate as a review of the district court's remand order. Because the remand was for lack of subject-matter jurisdiction, appellate review is prohibited by statute.

## CONCLUSION

For the foregoing reasons, this case is **DISMISSED** for lack of appellate jurisdiction.

6