NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CALIFORNIA SPECIALTY INSULATION, INC., | No. 21-55648 |
| Plaintiff-Appellee, | D.C. No. 2:21-cv-02542-CAS-JPR |
| v. | |
| ALLIED WORLD SURPLUS LINES INSURANCE COMPANY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted March 11, 2022
Pasadena, California

Before: BERZON, TALLMAN, and FRIEDLAND, Circuit Judges.

Allied World Surplus Lines Insurance ("Allied World") appeals from the

district court's grant of California Specialty Insulation, Inc.'s ("CSI") motion to

remand. We have jurisdiction pursuant to 28 U.S.C. § 1291, and for the reasons to

follow, we affirm.

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Allied World issued the commercial general liability insurance policy at issue here to CSI on December 17, 2016. The policy provides coverage for certain "bodily injury" and "property damage" and includes a duty that Allied World defend the insured, CSI, in legal actions regarding such damages. CSI was subsequently named as a defendant in the underlying action, *Jason Standiford v. California Specialty Insulation, Inc., et al.*, in Los Angeles County Superior Court on October 9, 2019. While Allied World initially defended CSI in the underlying action, it subsequently withdrew its defense and disclaimed coverage.

On February 22, 2021, again in Los Angeles County Superior Court, CSI filed suit against Allied World seeking a judicial declaration of Allied World's duty to defend CSI pursuant to the terms of the insurance policy. Allied World removed the case to federal court on the basis of diversity jurisdiction, *see* 28 U.S.C. § 1332(a), on March 22, 2021. CSI filed a motion to remand the case to state court on April 21, 2021. The district court granted that motion on June 7, 2021, finding that the factors set out in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942), governing the exercise of jurisdiction in an action under the Federal Declaratory Judgment Act "weigh against exercising jurisdiction." This timely appeal by Allied World followed.

"The exercise of jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), is committed to the sound discretion of the federal district courts.

Even if the district court has subject matter jurisdiction, it is not required to exercise its authority to hear the case." *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 802 (9th Cir. 2002) (citations omitted). The guiding factors for a court to consider in determining whether to exercise jurisdiction were announced by the Supreme Court in *Brillhart* and its progeny: the district court should exercise its discretion in such a way as to "avoid needless determination of state law issues; [] discourage litigants from filing declaratory actions as a means of forum shopping; and [] avoid duplicative litigation." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc). The existence of parallel state court proceedings counsels in favor of a declination of jurisdiction but does not require a district court to refuse to exercise jurisdiction. *Id.*

For the first *Brillhart* factor, the district court found that the exercise of jurisdiction would result in the needless determination of state law that could be determined in state court. *See R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011). The second and third factors were found to be neutral, but the district court additionally noted that the facts of the underlying action will be determined by the state court—supporting a declination of jurisdiction.

Under abuse of discretion review, there is no reason the instant action should be decided contrary to our decision in *Huth*. In *Huth*, Hartford Insurance Company filed a federal declaratory judgment action while the plaintiff filed her action in

Arizona state court—each seeking a declaration of coverage. 298 F.3d at 802. Hartford removed the Arizona state case and both federal cases were consolidated; Huth then moved to remand the case back to state court. *Id.* "Hartford argue[d] the absence of a pending state action precludes a district court from declining discretionary jurisdiction," but we rejected such a claim—finding the presence of a parallel state proceeding to be but one factor to consider in the analysis. *Id.* at 802– 03. We approved the district court's conclusion that state court would be the preferable forum for the determination of the state law issue, even in the absence of a state court proceeding that was already under way. *Id.* at 804. We also held that the district court did not abuse its discretion in concluding that the second and third *Brillhart* factors favored neither party, because there was no indication that the district court's exercise of jurisdiction would cause duplicative litigation or reward a party for forum shopping. *Id.* at 803-04.

Here, unlike in *Huth*, there *are* parallel proceedings, a fact that supports the district court's exercise of discretion to abstain from exercising federal jurisdiction.[1]

---

[1] In those "parallel state proceedings involving the same issues and parties," there is a presumption that the suit should be heard in state court. *Dizol*, 133 F.3d at 1225. There is certainly overlap between the issues presented here and the underlying state action, but there is no dispute that Allied World could not be joined in the underlying action. However, for purposes of the *Brillhart* analysis, it can be "enough that the state proceedings arise from the same factual circumstances" to constitute a parallel state proceeding. *Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750, 755 (9th Cir. 1996), *overruled on other grounds by Dizol*, 133 F.3d 1220.

And, as in *Huth*, the district court did not abuse its discretion in concluding that the second and third *Brillhart* factors favored neither party.

In sum, "without a presumption in favor of retaining jurisdiction, we cannot find that the district court abused its discretion by declining jurisdiction." *Id.* at 804.

**AFFIRMED**.

---

Consequently, even without identical issues and parties, this action can be regarded as a parallel proceeding. *See Argonaut Ins. Co. v. St. Francis Med. Ctr.*, 17 F.4th 1276, 1284–85 (9th Cir. 2021).