# EMERY WANTZ, Appellant, *v.*
# L. V. REDFIELD, Respondent.

No. 4066

June 9, 1958.                                    326 P.2d 413.

*Stewart, Horton and Campbell,* of Reno, for Appellant.

*Peter Echeverria,* of Reno, for Respondent.

## OPINION

By the Court, MERRILL, J.:

This is an action for conversion brought by the appellant as plaintiff. From judgment for the defendant this appeal is taken. The question involved is whether the assertion of a third party claim against property held under attachment and the accepting of possession of such property can be held to constitute conversion when it is subsequently determined that the claimant was not the owner.

An action was brought by appellant as plaintiff against certain affiliated Reno construction corporations and property was attached and taken into possession by the sheriff of Washoe County. Respondent then filed a third party claim asserting that he was the owner of the property attached. Pursuant to the provisions of NRS 31.070, the appellant having failed to post bond for continued possession of the sheriff, the property was delivered to respondent as third party claimant. Under provisions of the same statute, appellant, as plaintiff, filed a motion to determine title to the property. Hearing was had and it was judicially determined that the respondent was not the owner but that the defendants were the owners. Judgment was then rendered in favor of appellant and against the defendants in the principal action.

It does not appear that any attempt was ever made to levy execution against the property involved in order to satisfy judgment, although the property was still available within the county. Instead this action was brought by appellant as plaintiff. Appellant in this action contends that respondent, through wrongful assertion of a third party claim, coupled with his having accepted possession of the property so wrongfully claimed, had been guilty of converting the property to his own use and was liable to appellant for the reasonable value of the property converted to the extent necessary to satisfy his judgment in the former action. Judgment below was rendered in favor of defendant upon the ground that the

facts did not constitute a case of conversion. This was not error.

A conversion is defined as a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with his title or rights therein or in derogation, exclusion, or defiance of such title or rights. 53 Am.Jur. 819. "Moreover, an act, to be a conversion, must be essentially tortious; a conversion imports an unlawful act, or an act which cannot be justified or excused in law." Ibid. at page 820.

In this case the assertion of the third party claim was but resort to the judicial process for determination of a title in dispute. In the absence of malice, which the record here does not reveal, it is not wrongful or tortious to engage in a dispute as to title nor to submit that dispute to the courts. Courts exist for the purpose of resolving disputes. One does not become a tortfeasor merely by having judgment entered against him in an action brought in good faith.

Appellant concedes that the filing of the third party claim was not a conversion in itself, but asserts that the conversion occurred at the time respondent took possession of the property. For authority, he cites 53 Am.Jur. 824 to the effect that the unlawful taking of goods out of the possession of the owner with intent to convert them to the use of the taker is clearly a conversion, and that the fact that the defendant acts by mistake does not preclude his liability.

In this case the taking was not unlawful, however. The delivery to the third party claimant was made pursuant to the provisions of NRS 31.070 to the effect that the claimant should have possession, pending a determination of title, in absence of a bond posted by the plaintiff. Therefore the acceptance of possession was a lawful procedural step in the process of determining title and was not an exercise of the rights of ownership adverse to the rights or title of the parties to the action.

Appellant relies upon McCaffey Canning Co. v. Bank

of America, 109 Cal.App. 415, 294 P. 45. That case, as does this one, involved attachment, assertion of a third party claim, judgment in favor of the attaching plaintiff and a determination of title adverse to the third party claimant. The claimant was held guilty of conversion. The distinction between that case and the one before us lies in the fact that the claimant in the McCaffey case, after taking possession, had sold the property claimed and pocketed the proceeds of the sale. We can conceive of no clearer example of an exercise of the rights of ownership sufficient to constitute conversion. Since the respondent in the present case has apparently done nothing other than to hold the property pending the outcome of the hearing to determine title to it, the McCaffey case is not authority for the position urged by appellants.

Affirmed.

BADT, C. J., and EATHER, J., concur.