# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re LORBER INDUSTRIES OF
CALIFORNIA,

*Debtor,*

_____

CALIFORNIA SELF-INSURERS'
SECURITY FUND,

*Appellant,*

v.

LORBER INDUSTRIES OF CALIFORNIA;
OFFICIAL COMMITTEE OF UNSECURED
CREDITORS,

*Appellees.*

No. 07-56227

BAP Nos.
CC-06-01374-
BPaMK
CC-06-01395-
BPaMK
Central District of
California,
Los Angeles, 06-
10399-TD

In re LORBER INDUSTRIES OF
CALIFORNIA,

*Debtor,*

_____

LORBER INDUSTRIES OF CALIFORNIA,

*Appellant,*

v.

CALIFORNIA SELF-INSURERS'
SECURITY FUND,

*Appellee.*

No. 07-56309

BAP No.
CC-06-01374-
BPaMK

OPINION

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Brandt, and Markell, Bankruptcy Judges, Presiding

5157

Argued and Submitted
December 11, 2008—Pasadena, California

Filed May 4, 2009

Before: Jerome Farris and Kim McLane Wardlaw, Circuit
Judges, and William W Schwarzer, District Judge.*

Opinion by Judge Schwarzer

---

*The Honorable William W Schwarzer, Senior United States District
Judge for the Northern District of California, sitting by designation.

**COUNSEL**

Daniel R. Sovocool, Louis J. Cisz, III and Marcus O. Colabianchi, Thelen Reid Brown Raysman & Steiner, LLP, San Francisco, California, the for appellant and cross-appellee.

Joseph A. Eisenberg P.C. and David M. Poitras P.C., Jeffer, Mangels, Butler & Marmaro LLP, Los Angeles, California, for the appellees and cross-appellants.

**OPINION**

SCHWARZER, District Judge:

The United States Bankruptcy Code establishes priority for certain nondischargeable obligations owed by a debtor to a state that qualify as an excise tax. 11 U.S.C. § 507(a)(8)(E)(ii).[1] This case concerns a statutorily imposed obligation of the debtor, Lorber Industries ("Lorber"), to the California Self-Insurers' Security Fund ("Fund") for reimbursement of workers' compensation benefits that the Fund paid on Lorber's behalf. The issues on appeal are (1) whether the reimbursement amounts owed to the Fund qualify as an excise tax; and, if so (2) whether the transaction giving rise to the excise tax occurred in the three years preceding Lorber's bankruptcy petition. We hold that the Fund's reimbursement claim does not qualify as an excise tax, and therefore do not address when the transaction giving rise to the tax occurred. Although our reasoning differs from the Bankruptcy Appellate Panel's ("BAP"), we affirm its holding denying priority to the Fund's claim.

## I.  Background

Lorber is a California based textile manufacturer. In compliance with California law, Lorber obtained permission to

---

[1]11 U.S.C. § 507 (a)(8)(E)(ii) provides in relevant part:

§ 507. Priorities

  (a)  The following expenses and claims have priority in the following order:

    (8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for —

    (E) an excise tax on —

      (ii) if a return is not required, a transaction occurring during the three years immediately preceding the date of the filing of the petition.

satisfy its workers' compensation obligations by self-insuring. It posted a letter of credit as a security deposit with the state to cover its obligations in the event of a default. *See* Cal. Labor Code § 3700.

Lorber filed a Chapter Eleven bankruptcy petition on February 10, 2006. It later defaulted on its workers' compensation obligations, and on April 28, 2006 the Fund assumed Lorber's liabilities and took over payments pursuant to California Labor Code sections 3701.5 and 3743. The Fund drew down Lorber's letter of credit to pay the claims of injured workers. When the line of credit was exhausted, the Fund made additional payments to the workers, for which it was entitled to reimbursement. *See* Cal. Labor Code § 3744.

The Fund filed an objection to Lorber's proposed Chapter Eleven Plan, which treated the reimbursement amounts owed to the Fund as a general unsecured claim. The Fund asserted that its reimbursement claim is entitled to priority status under § 507(a)(8)(E)(ii) of the Bankruptcy Code, as an excise tax on a transaction that occurred in the three years preceding the bankruptcy petition.

The bankruptcy court held that the Fund's claim qualified as an excise tax, but that the transaction giving rise to the tax was Lorber's application for self-insurance in 1992. Because the transaction occurred more than three years prior to the bankruptcy petition, the court denied the Fund's claim priority.

Both Lorber and the Fund appealed the bankruptcy court's decision to the BAP. Lorber argued that the reimbursement claim did not qualify as an excise tax, and the Fund argued that the bankruptcy court erred in determining the transaction date. The BAP held that the claim was an excise tax and affirmed the denial of priority, but disagreed with the bankruptcy court about the date of the transaction giving rise to the tax. The BAP held that the relevant transaction was Lorber's

default on its self-insurance obligations. The BAP reasoned that since Lorber defaulted post-petition, the transaction did not occur in the three years prior to filing for bankruptcy, and therefore the Fund's claim was not entitled to priority status.

The Fund timely appealed and Lorber timely cross-appealed the BAP's ruling. We have jurisdiction under 28 U.S.C. § 158(d).

## II.   Standard of Review

"[W]e independently review a bankruptcy court's ruling on appeal from the BAP." *Cool Fuel, Inc. v. Bd. of Equalization*, (*In re Cool Fuel, Inc.*) 210 F.3d 999, 1001-02 (9th Cir. 2000). No questions of fact are at issue in this appeal; the parties disagree only about whether the bankruptcy court and the BAP correctly interpreted § 507(a)(8)(E)(ii). Thus, our review is de novo. *See Carrillo v. Su (In re Su)*, 290 F.3d 1140, 1142 (9th Cir. 2002).

## III.   Analysis

In deciding the issues presented by this case, we are mindful of the Supreme Court's observation that "the Bankruptcy Code aims, in the main, to secure equal distribution among creditors." *Howard Delivery Serv. Inc. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 655 (2006). The Court noted that "preferential treatment of a class of creditors is in order only when clearly authorized by Congress," and that "[a]ny doubt concerning the appropriate characterization [of a debt obligation] . . . is best resolved in accord with the Bankruptcy's Code equal distribution aim." *Id.* at 655, 668.

### A.   Excise Tax Criteria

[1] The Bankruptcy Code does not define "excise tax," and federal courts do not rely on state law labels to determine which obligations qualify. Instead, courts engage in a func-

tional examination to determine if a government exaction is an excise tax. *See Indus. Comm'n of Ariz. v. Camilli (In re Camilli),* 94 F.3d 1330, 1331 (9th Cir. 1996); *see additionally City of New York v. Feiring*, 313 U.S. 283, 285 (1941).

**[2]** In *County Sanitation District Number 2 v. Lorber Industries (In re Lorber Industries of California)* 675 F.2d 1062, 1066 (9th Cir. 1982), the Ninth Circuit examined which government exactions are considered taxes under the Bankruptcy Code.[2] The court held that sewer district fees for the discharge of industrial waste did not qualify. *Id.* at 1067. The court expressed concern that a growing number of governmental obligations and accelerating rates of taxation were absorbing an increasingly large portion of a bankrupt's estate, undermining the Code's goal of equitable distribution among creditors. *Id.* at 1068. In order to effectuate the purposes of the Bankruptcy Code and limit the number of governmental obligations entitled to priority, the court established a four-part test to determine if a claim qualified as an excise tax. *Id.* at 1066. The court held that an excise tax is: (a) an involuntary pecuniary burden, regardless of name, laid upon individual or property; (b) imposed by or under the authority of the legislature; (c) for public purposes, including the purposes of defraying expenses of government or undertakings authorized by it; and (d) under the police or taxing power of the state. *Id*.

The Sixth Circuit considered which claims are entitled to priority as excise taxes in the context of a state workers' compensation system in *Yoder v. Ohio Bureau of Workers' Comp. (In re Suburban Motor Freight, Inc.)*, 998 F.2d 338 (6th Cir. 1993) (*Suburban I*), and *Ohio Bureau of Workers' Comp. v. Yoder (In re Suburban Motor Freight, Inc.)*, 36 F.3d 484 (6th Cir. 1994) (*Suburban II*). It concluded that *Lorber's* public purpose criterion was overly broad and "would result in too many priorities of debts to the government over like claims of private creditors." *In re Camilli*, 94 F.3d at 1333 (analyzing

---

[2]The debtor in this case is a predecessor in interest to the current debtor.

*Suburban I* and *Suburban II*). Therefore, the court refined the *Lorber* test to require (1) that the pecuniary obligation be universally applicable to similarly situated entities; and (2) that according priority treatment to a government claim not disadvantage private creditors with like claims. *Suburban II*, 36 F.3d at 488.

Using this refined test, the Sixth Circuit held that the state's claim for reimbursement for payments made to claimants are not entitled to priority as excise taxes when the debtor is self-insured. *Suburban II*, 36 F.3d at 489. The court found that other private creditors, including those who acted as sureties for the debtor so that it could self-insure, had similar reimbursement claims against the debtor. *Id.* Therefore, the court held, the claim was not an excise tax for bankruptcy purposes because granting priority treatment to the government would disadvantage private creditors with like claims. *Id.*

**[3]** *In re Camilli* favorably cited the Sixth Circuit's analysis in *Suburban I* and *II*. 94 F.3d at 1334. A subsequent Ninth Circuit case drew on the Sixth Circuit's reasoning, and added a fifth element to the *Lorber* test. *George v. Uninsured Employers Fund (In re George)*, 361 F.3d 1157, 1162-63 (9th Cir. 2004). *In re George* held that if a private creditor similarly situated to the government can be hypothesized under the relevant statute, the claim cannot be considered an excise tax. *Id.* at 1162.

In *In re George*, the court found that the reimbursement claim of the California Uninsured Employers' Fund ("Uninsured Fund") was not an excise tax. 361 F.3d at 1162-63. The court noted that under the statutes governing the Uninsured Fund, if a worker suffers a cumulative injury, both the subsequent employer and the Uninsured Fund potentially have a claim against the uninsured employer for a portion of the injury. *Id.* (*citing* Cal. Labor Code § 5500.5). Because a private creditor, the subsequent employer, can assert a claim against the debtor similar to that of the Uninsured Fund, the

court held that the Fund's claim did not qualify as an excise tax. *Id.*

## B.   The Fund's claim is not an excise tax

[4] The parties agree that the first four *Lorber* elements are met. Lorber contends that because there could be private creditors that are similarly situated to the government, the Fund's claim fails to meet the fifth element under *In re George*. We agree. As with the Uninsured Fund, it is possible to hypothesize a similarly situated private creditor under the statutes governing the Self-Insurer's Fund. *See In re George*, 361 F.3d at 1162. California Labor Code § 3744(a) provides that the Fund has a right to obtain reimbursement from a defaulting self-insurer for payments made to claimants on its behalf. Other private creditors, however, may also have similar reimbursement claims against Lorber. For example, the entity that extended the letter of credit drawn down pursuant to California Labor Code section 3701.5 has a claim against Lorber related to its default on its self-insurance obligations. Additionally, Cal. Labor Code section 3744 recognizes that claimants retain a cause of action against the defaulting self-insurer, and provides that the Fund can recover as a subrogee in any action to collect. Therefore, the Fund's claim is "in the nature of any public or private subrogated party's right to recovery," and is not an excise tax. *See In re George*, 361 F.3d at 1163.

The California Self-Insurance framework is different than the Arizona workers' compensation laws examined by the court in *In re Camilli*, 94 F.3d at 1334, and *DeRoche v. Arizona Industrial Commission (In re DeRoche)*, 287 F.3d 751, 757 (9th Cir. 2002). In those cases, the court found that the workers' compensation obligations qualified as excise taxes. As the court noted in *In re George*, however, the earlier holdings were based on several unique, non-universal characteristics of the Arizona workers' compensation system. 361 F.2d at 1162.

Under the Arizona workers' compensation framework, there are no private creditors similarly situated to the government. The court noted that "[the Arizona fund] carries its statutorily-imposed burden alone. No private entity competes with the [Arizona fund] to pay 'insurance' claims for which no insurance has been bought." *In re Camilli*, 94 F.3d at 1334. Moreover, the nature of the Arizona fund's recovery right ensures that there is no competing private creditor. Arizona's statutes provide that payments made to injured employees are "judgment[s] against the employer" that "have the same priority against the assets of the employer as claims for taxes." Ariz.Rev.Stat. §§ 23-907(E),-933. In contrast, the California statutes provide that the Self-Insurers' Fund has a claim for reimbursement, and the Uninsured Fund has a claim for liquidated damages. Cal. Labor Code §§ 3744, 3717(a). Because a private creditor could have a claim for reimbursement or liquidated damages, but only the government can have a claim for taxes, there was no similarly situated private creditor in *DeRoche* and *In re Camilli* that could be disadvantaged by granting the government's claim priority.[3] *See In re George*, 361 F.3d at 1162.

[5] Because we hold that the Fund's claim does not qualify as an excise tax, we do not reach the question of when the transaction giving rise to the tax occurred. The BAP's order is AFFIRMED.

---

[3]As noted in *In re George*, under the California statutes, a subsequent employer could compete with the government as a creditor against an uninsured employer. 361 F.3d at 1162-63. Additionally, as outlined above, the sureties that extended the letter of credit and the injured worker have similar claims to the government against a defaulting self-insured employer.