FILED

SEP 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AIRS FRAGRANCE PRODUCTS, INC.; et al., | No. 08-17385 |
| Plaintiffs - Appellees, | D.C. No. 2:05-cv-00960-RCJ-RJJ |
| v. | |
| CLOVER GIFTS, INC.; et al., | MEMORANDUM[*] |
| Defendants- Appellants, | |
| and | |
| PATRICIA LAU, | |
| Defendant. | |

| | |
|---|---|
| AIRS FRAGRANCE PRODUCTS, INC.; et al., | No. 08-17386 |
| Plaintiffs - Appellants, | D.C. No. 2:05-cv-00960-RCJ-RJJ |
| v. | |
| CLOVER GIFTS, INC.; et al., | |
| Defendants - Appellees, | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

and

PATRICIA LAU,

      Defendant.

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted April 12, 2010
San Francisco, California

Before: SCHROEDER and N.R. SMITH, Circuit Judges, and MOODY, Senior District Judge.[**]

Stephen Marcus (Marcus) and Clover Gifts, Inc. (collectively Appellants), and Mine Hakim (Hakim) and Airs Fragrance Products, Inc. (AFP) (collectively Appellees) appeal the district court's decision to cancel Airs Fragrance family of trademarks and to permanently enjoin them from asserting a superior right over the marks.

Marcus, as the president of Airs International, Inc. (AII), transferred Airs Fragrance family of trademarks to Hakim when AII was insolvent. Thereafter, Marcus and Hakim worked in concert to use the marks continually by using straw

---

[**]    The Honorable James Maxwell Moody, United States District Judge for the District of Arkansas, sitting by designation.

persons and corporations. At the time, AII's creditor First Bank and Trust obtained a default judgment against Marcus and Hakim for over one million dollars. In 2003, Hakim transferred her rights to the marks to Clover Gifts, Inc. without any consideration.

This court reviews the district court's grant of summary judgment *de novo*. *Allied Orthopedic Appliances Inc. v. Tyco Health Care Group LP*, 592 F.3d 991, 996 (9th Cir. 2010). The district court's grant of permanent injunction is reviewed for abuse of discretion. *See United States v. Kapp*, 564 F.3d 1103, 1109 (9th Cir. 2009). Findings of fact are reviewed for clear error and conclusions of law are reviewed *de novo*. *See id.* The scope of the injunction is reviewed for abuse of discretion. *See N. Cheyenne Tribe v. Norton*, 503 F.3d 836, 842 (9th Cir. 2007).

The district court did not err in granting summary judgment against Appellants on their claim for a declaration of exclusive ownership of the marks. Before their transfer to Hakim, it is undisputed that the marks belonged to AII, not Marcus. Any claim to current ownership of the marks on the basis of AII's previous ownership and use of them therefore could only be brought by AII, not Marcus. *See United States v. Stonehill*, 83 F.3d 1156, 1160 (9th Cir. 1996); *Erlich v. Glasner*, 418 F.2d 226, 228 (9th Cir. 1969). Clover Gifts likewise has no claim to the marks. The assignment of the marks from Hakim to Clover Gifts was

invalid because it is undisputed that there was no concurrent transfer of business good will, *see Mister Donut of Am., Inc. v. Mr. Donut, Inc.*, 418 F.2d 838, 842 (9th Cir. 1969), and Clover Gifts did not provide any consideration for the marks, *see May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005).

The district court properly granted summary judgment against Appellants on their tort claims for unfair competition and deceptive trade practices through trademark infringement, conversion, and misappropriation of trade secrets. An essential element of each of these claims is ownership of the property at issue. *See KP Permanent Make-Up, Inc. v. Lasting Impression, Inc.*, 408 F.3d 596, 602 (9th Cir. 2005) ("Before infringement can be shown, the trademark holder must demonstrate it owns a valid mark, and thus a protectable interest."); *Frantz v. Johnson*, 999 P.2d 351, 358 & n.6 (Nev. 2000) (elements of misappropriation of a trade secret include acquisition or disclosure of the trade secret "of another"); *Wantz v. Redfield*, 326 P.2d 413, 414 (Nev. 1958) (plaintiff must demonstrate an ownership interest in property alleged to have been converted to state a cause of action for conversion). The marks, domain names, and fragrance formulas were the property of AII, not Marcus, before their transfer to Hakim. Only the marks were included in the subsequent assignment from Hakim to Clover Gifts, and that assignment was invalid.

The district court did not err in entering summary judgment against Appellees on their claim for a declaration of exclusive ownership of the marks. Appellees failed to demonstrate a genuine issue of material fact existed as to the lack of consideration for AII's transfer of the marks to Hakim, and the district court therefore properly invalidated that transfer. *See Kremen v. Cohen*, 337 F.3d 1024, 1028-29 (9th Cir. 2003) (consideration a necessary element of a contract). Further, Appellees did not establish common law ownership of the marks through their continuous use by Hakim and AFP. The standard test of ownership in trademark law is priority of use. *See Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996). It is undisputed that AII used the Airs family of trademarks before Hakim or AFP. The district court therefore properly concluded that AII had a senior claim to the marks, and Appellees could not be declared their exclusive owner. *See Brookfield Comm., Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999).

The district court did not abuse its discretion by ordering the parties to withdraw any pending trademark applications relating to the Airs family of trademarks and to request the express cancellation of their registration of any marks covered by the Airs family of trademarks. *See* 15 U.S.C. § 1119 (authorizing the district court to "rectify the [United States Patent and Trademark

Office] register with respect to any registrations of any party to the action"). Nor did the district court abuse its discretion when it enjoined both parties from asserting rights to the marks superior to those of any other party, because the senior interest in the marks belonged to AII. The permanent injunction was neither overbroad nor vague.

**AFFIRMED.**