**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| AIRS AROMATICS, LLC, a Delaware Limited Liability Company with its principal place of business in Wilmington, DE,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC., a Delaware Corporation with its principal place of business in Reynoldsburg, OH,<br>*Defendant-Appellee*. | No. 12-55276<br><br>D.C. No.<br>2:11-cv-04718-<br>R-JC<br><br><br>OPINION |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted February 11, 2014[*]
Pasadena, California

Filed February 28, 2014

Before: Jerome Farris, N. Randy Smith,
and Paul J. Watford, Circuit Judges.

Opinion by Judge Farris

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

# SUMMARY[**]

## Lanham Act

The panel affirmed the district court's dismissal of a trademark cancellation claim under § 37 of the Lanham Act.

The panel held that the trademark cancellation claim would not provide an independent basis for subject matter jurisdiction standing alone. The panel also held that the plaintiff failed to state a claim for trademark infringement because it failed sufficiently to allege continuous usage of the mark.

## COUNSEL

John Derrick, Law Office of John Derrick, Santa Barbara, California, for Plaintiff-Appellant.

Diana Torres, Michael Shipley, and David Klein, Kirkland & Ellis LLP, Los Angeles, California, for Defendant-Appellee.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

FARRIS, Circuit Judge:

**I**

Airs Aromatics, a purported owner of an ANGEL DREAMS trademark, filed a lawsuit against Victoria's Secret alleging breach of contract claims and requesting cancellation of Victoria's Secret's registered DREAM ANGELS trademark. The district court entered an order dismissing the complaint for failure to allege actual breaches of the contract and lack of standing for the cancellation claim. Airs Aromatics appealed only the dismissal of the cancellation claim.

Airs International began using the trademark ANGEL DREAMS in connection with the sale of perfume and personal care products in 1991. In 1999, Airs International entered into a mutual consent-to-use agreement with Victoria's Secret. The agreement allowed Victoria's Secret to use the trademark DREAM ANGELS in connection with the marketing of various personal care products. As part of that agreement, Victoria's Secret paid Airs International $25,000 per year. The agreement was renewable yearly, at the election of Victoria's Secret.

In 2000, while the consent-to-use agreement with Victoria's Secret was still in effect, Stephen Marcus, the principal of Airs International, assigned the Airs family of

trademarks, which included ANGEL DREAMS,[1] to Mine Hakim. In May 2002, the California Secretary of State's office suspended Airs International's corporate status. Litigation over the ownership of these marks ensued between Marcus, Hakim, and their agents and purported transferees of the family of marks. Airs International was not a party to that litigation. Because the district court determined the transfers were made to defraud creditors, it enjoined all parties to the litigation, including Marcus and Hakim, from asserting any rights superior to any other parties' use of rights in the Airs family of trademarks. The court also ordered cancellation of any registered marks covering the Airs family of marks in any of the parties' names. This court affirmed the district court's order and stated that Airs International had a senior claim to the marks. *Airs Fragrance Products, Inc. v. Clover Gifts, Inc.*, 395 F. App'x 482, 485 (9th Cir. 2010).

During the litigation, Victoria's Secret made its contractual payments into an escrow account. In 2008, Victoria's Secret ceased making payments and withdrew the funds from the escrow account. In late 2007, Victoria's Secret applied for trademark registration for eight DREAM ANGELS marks; the trademark office granted the registrations.

In 2011, Marcus revived Airs International and attempted to transfer all of its common law rights in the ANGEL DREAMS mark to the newly formed Airs Aromatics, LLC.

---

[1] The Airs family of trademarks included ANGEL DREAMS, AIRS, AIRSWORLD, AFRICAN WIND, ATMOSPHERE, DRAGON CLOUD, OCEAN, RAIN MUSK, WHITE LACE, RUSSIAN AMBER, STAR SANDLEWOOD, JASMINE ITALIAN, BLACK OPIUM, KASHMIR, PATCHOULI, FRENCH VANILLA, CHINA MOON, and RAIN.

Marcus is the sole member of Airs Aromatics. On June 2, 2011, Airs Aromatics filed a complaint against Victoria's Secret that alleged Victoria's Secret had breached the consent-to-use agreement and the associated implied covenant of good faith and fair dealing. Airs Aromatics sought a declaratory judgment, finding that Victoria's Secret had breached the consent-to-use agreement and cancelling the trademark registrations based on a likelihood of confusion. Victoria's Secret moved to dismiss the first amended complaint on a variety of grounds, including Airs Aromatics' failure to sufficiently plead the continuous usage of the ANGEL DREAMS mark that would establish its common law ownership.

On November 28, 2011, the district court granted the motion orally on the record after a hearing. The district court held that Airs Aromatics lacked standing to pursue its trademark cancellation claim as it had not adequately alleged non-abandonment of its ANGEL DREAMS trademark. The district court also dismissed the claims based on the consent-to-use agreement after determining that the alleged breaches of the consent-to-use agreement did not breach the actual terms. The district court subsequently entered a written order dismissing the case with prejudice. Airs Aromatics appealed the dismissal of its claim for cancellation of trademarks or, alternatively, that it was dismissed with prejudice.

We review de novo a district court's dismissal of a complaint. *Wood v. City of San Diego*, 678 F.3d 1075, 1080 (9th Cir. 2012). We review for abuse of discretion the district court's denial of leave to amend a complaint. *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010).

**II**

Because Airs Aromatics has appealed only the dismissal of its trademark cancellation claim, the first question we must decide is whether that claim would provide an independent basis for subject-matter jurisdiction on remand standing alone.  We conclude that it would not.

Section 37 of the Lanham Act, 15 U.S.C. § 1119, gives district courts the power to order the cancellation of a trademark registration "in any action involving a registered mark." In *dictum*, we have previously given contrasting interpretations of whether this section provides an independent basis of jurisdiction for cancellation claims. In *Bancroft & Masters, Inc. v. Augusta National Inc.*, we did not dismiss a declaratory relief claim of non-infringement as moot based on the defendant's offer of a covenant not to sue. 223 F.3d 1082, 1085 (9th Cir. 2000). We noted that even dismissal of the declaratory relief claim would "not have mooted [the] separate request for cancellation of [the trademarks] [as] [t]he trademark cancellation count is separate from the declaratory judgment count in the complaint and does not appear to be obviously meritless." *Id*. This interpretation was criticized by the Second Circuit, which stated that "the Ninth Circuit in *Bancroft* failed to consider the language in § 1119 that renders that section remedial, not jurisdictional. Accordingly, we find its opinion unpersuasive." *Nike, Inc. v. Already*, *LLC*, 663 F.3d 89, 99 (2d Cir. 2011) cert. granted on other grounds, 133 S. Ct. 24 (2012) and aff'd, 133 S. Ct. 721 (2013).

In a subsequent case, *Tillamook Country Smoker, Inc. v. Tillamook Cnty. Creamery Ass'n*, we denied a counterclaim for trademark infringement due to laches.  465 F.3d 1102,

1111 (9th Cir. 2006). Cancellation of a trademark registration was sought as part of the counterclaim. *Id.* As a prelude to evaluating the claim, we stated that "Section 37 of the Lanham Act, 15 U.S.C. § 1119, permits district courts to resolve these subsidiary registration disputes when joined with an infringement claim." *Id.*

The plain language of Section 37 states that cancellation is available in "any action involving a registered mark." 15 U.S.C. § 1119. This language specifies that cancellation may only be sought if there is already an ongoing action that involves a registered mark; it does not indicate that a cancellation claim is available as an independent cause of action. Furthermore, each circuit to directly address this statutory language has held that it "creates a remedy for trademark infringement rather than an independent basis for federal jurisdiction." *Nike*, 663 F.3d at 98; *see also Ditri v. Coldwell Banker Residential Affiliates, Inc.*, 954 F.2d 869, 873 (3d Cir. 1992); *Windsurfing Int'l Inc. v. AMF Inc.*, 828 F.2d 755, 758 (Fed. Cir. 1987). This interpretation also helps preserve the use of actions before the USPTO Trademark Board as the primary vehicle for cancellation. *See McCarthy on Trademarks and Unfair Competition* § 30:110 (4th ed.).

We therefore hold that Section 37 of the Lanham Act does not provide an independent basis for federal jurisdiction. Because Airs Aromatics has not appealed the dismissal of the only claims it brought that could support jurisdiction, the district court's judgment dismissing this action with prejudice must be affirmed.

**III**

In its reply brief, Airs Aromatics argues that its cancellation claim was actually a poorly pleaded claim of trademark infringement. On its face, the original claim was titled as "Cancellation of Registered Trademarks" in the First Amended Complaint and its various allegations focus on the elements necessary for a cancellation claim. However, even if the original claim was a poorly pleaded trademark infringement claim, Airs Aromatics must still allege sufficient facts to support the legal claim in order to survive dismissal under Rule 12(b)(6). *See Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). To establish a claim for trademark infringement, Airs Aromatics must allege facts to show "(1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion, thereby infringing upon [Airs Aromatics'] rights to the mark." *Dep't of Parks & Recreation for State of California v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1124 (9th Cir. 2006).

To establish a protectible ownership interest in a common law trademark, the owner must "establish not only that he or she used the mark before the mark was registered, but also that such use has continued to the present." *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 654 (9th Cir. 2005). Continuous usage requires sufficiently public usage as "to identify or distinguish the marked goods in an appropriate segment of the public mind as those of the adopter of the mark." *Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1052 (9th Cir. 1999).

Therefore, Airs Aromatics must allege facts showing continuous usage of the ANGEL DREAMS mark. In its

complaint, Airs Aromatics neither alleged continuous usage by Airs International throughout the relevant period nor any attempt by Airs Aromatics to use the mark in commerce before it commenced the suit against Victoria's Secret. In its opening brief, Airs Aromatics acknowledges that Airs International was not actively using the marks from 2004 to 2011 but argues that the ongoing litigation constitutes sufficient attempts to continue usage.

There is no case law to support the contention. Airs Aromatics has not adequately alleged that the litigation here is the kind of continuous, public usage of a trademark that serves to identify the marked goods to the public as those of the mark's owner. *See id.* at 1052 (mention of mark in correspondence with lawyers was insufficient to constitute use). Airs Aromatics has not alleged sufficient facts to support a claim for trademark infringement.

**IV**

Airs Aromatics argues that the district court erred in not giving it leave to amend its complaint. A district court may dismiss a complaint without leave to amend if "amendment would be futile." *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). Airs Aromatics argues that leave to amend should be granted in order for it to more thoroughly allege facts that establish continuous usage of the ANGEL DREAMS trademark. Airs Aromatics, however, in its briefing before this court has stated that Airs International "was not actively using the marks" between 2004 and 2011 and that its activity was "effectively on hold" during the period of litigation. Airs Aromatics has established that its allegations for continuous usage rest on the theory that litigation, rather than business activity, is sufficient. This

type of non-public, non-commercial activity does not meet the established standard for continuous usage.

A party cannot amend pleadings to "directly contradic[t] an earlier assertion made in the same proceeding." *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990). Given leave to amend, Airs Aromatics could not advance an alternative set of allegations about activities by Airs International during the period in dispute that would constitute continuous usage. Consequently, leave to amend would be futile.

**AFFIRMED**.