**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STARLA PACINI; MARIA SANCHEZ; ALBA PENAGOS; HECTOR PENAGOS, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> BANK OF AMERICA NA, <br><br> Defendant - Appellee, <br><br> and <br><br> INTERSECTIONS INSURANCE SERVICES, INC., <br><br> Defendant. | No. 12-57038 <br><br> D.C. No. 2:12-cv-06859-R-E <br><br><br> MEMORANDUM[*] |
| STARLA PACINI; MARIA SANCHEZ; ALBA PENAGOS; HECTOR PENAGOS, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> BANK OF AMERICA NA, | No. 12-57039 <br><br> D.C. No. 2:12-cv-06859-R-E |

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant,

and

INTERSECTIONS INSURANCE SERVICES, INC.,

Defendant - Appellee.

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted July 10, 2014
Pasadena, California

Before: SILVERMAN, TALLMAN, and RAWLINSON, Circuit Judges.

Starla Pacini, Maria Sanchez, Alba Penagos, and Hector Penagos (collectively, Plaintiffs) appeal from the dismissal of a nationwide putative class action alleging that Bank of America, N.A. (BOA) and Intersections Insurance Services, Inc. (IIS) enrolled Plaintiffs and other BOA customers in the Smart-Step Accidental Death Insurance Program and deducted automatic payments from their accounts without express and informed written consent.

Although the district court dismissed the case on the basis of comity, "[w]e may affirm the district court's judgment on any ground supported by the record." *In re Zynga Privacy Litig.*, 750 F.3d 1098, 1103 (9th Cir. 2014) (citation omitted).

2

We affirm the dismissal of Plaintiffs' complaint because the complaint fails to state a plausible claim for relief by asserting the specifics of the insurance enrollment and automatic payment deductions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint also fails to plead fraud-based claims with the required particularity, thereby defeating Plaintiffs' asserted causes of action for fraud and for RICO violations. *See Reese v. Malone*, 747 F.3d 557, 568 (9th Cir. 2014); *see also Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557-58 (9th Cir. 2010).

Counsel for Plaintiffs in this case have now attempted, unsuccessfully, to plead the same set of facts three times in actions against BOA and IIS – twice on behalf of Jerome White, *see White v. Bank of America, N.A.*, Case 2:12-cv-06859-R-E (C.D. Cal. 2012), and once in this case. Another team of lawyers likewise tried, and failed, to plead this case on behalf of Jorge Gonzalez, *see Gonzalez v. Bank of America Ins. Svcs., Inc.*, 454 F. App'x 295 (5th Cir. 2011). Therefore, dismissal with prejudice was not an abuse of discretion because this record demonstrates that another opportunity to amend would be futile. *See Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014).

Notwithstanding our affirmance, we again caution district court judges to thoroughly review orders submitted by counsel to avoid the inclusion of rulings not contemplated by the court. *See Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 373 (9th Cir. 2005) ("Although adopting findings or an order drafted by the parties is not prohibited, we have criticized district courts that engaged in the regrettable practice of adopting the findings drafted by the prevailing party wholesale.") (citation and internal quotation marks omitted).

**AFFIRMED.**