
UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY, a Connecticut corporation,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>NEW ORLEANS LOUISIANA SAINTS, L.L.C., a Texas limited liability company,<br><br>Defendant - Appellee. | No. 14-55838<br><br>D.C. No. 8:13-cv-01998-JLS-JPR<br>Central District of California,<br>Santa Ana<br><br>ORDER |

Before: FISHER, M. SMITH, and NGUYEN, Circuit Judges.

The memorandum disposition filed on May 19, 2016, is hereby amended. The amended disposition is filed concurrently with this order.

With these amendments, Judge Fisher, Judge M. Smith, and Judge Nguyen voted to deny the petition for rehearing. Judge M. Smith and Judge Nguyen voted to deny the petition for rehearing en banc, and Judge Fisher so recommends.

The full court has been advised of the petition for rehearing en banc and no judge of the court has requested a vote on it. *See* Fed. R. App. P. 35(f).

The petition for rehearing and the petition for rehearing en banc are DENIED. No further petitions shall be entertained.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 30 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THE TRAVELERS INDEMNITY
COMPANY, a Connecticut corporation,

Plaintiff - Appellant,

v.

NEW ORLEANS LOUISIANA SAINTS,
L.L.C., a Texas limited liability company,

Defendant - Appellee.

No. 14-55838

D.C. No. 8:13-cv-01998-JLS-JPR

AMENDED
MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted May 3, 2016
Pasadena, California

Before: FISHER, M. SMITH, and NGUYEN, Circuit Judges.

The Travelers Indemnity Company (Travelers) filed an action against the

New Orleans Louisiana Saints (Saints) for reimbursement, subrogation, and

indemnity related to a workers' compensation claim that Travelers settled on

_____

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

behalf of an insured, the Kansas City Chiefs. In its complaint, Travelers alleged that an injured football player, Jim Rourke, played for both the Saints and the Chiefs during the last year of his exposure to a cumulative injury. Travelers prayed for "that portion of the settlement . . . which represents the percentage of time that Mr. Rourke was employed by the Saints during his last year of injurious exposure," damages under a subrogation theory, and equitable indemnity. The district court dismissed the claims on the grounds that the California Workers' Compensation Appeals Board (WCAB) had exclusive jurisdiction over the dispute. It also declined to hear Travelers' declaratory judgment action and denied leave to amend. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.      California's workers' compensation statute confines recovery of benefits for a cumulative injury to the employer that employed the employee during the last year of the cumulative injury. *See* Cal. Lab. Code § 5500.5. If there is more than one employer in that final year, the claimant "may elect to proceed against any one or more of the employers." *Id.* § 5500.5(c). Any employers held liable are jointly and severally liable for the award, *id.,* and "may institute proceedings before the appeals board for the purpose of determining an apportionment of liability or right of contribution." *Id.* § 5500.5(e).

"In the event that none of the employers during the . . . periods of . . . cumulative injury are insured for workers' compensation coverage," liability is pushed back to the last employer who was insured during the period of cumulative injury. *Id.* § 5500.5(a).

As a general matter, the WCAB has "exclusive authority to hear claims '[f]or the recovery of [workers'] compensation, or concerning any right or liability arising out of or incidental thereto." *U.S. Fid. & Guar. Co. v. Lee Invs. LLC*, 641 F.3d 1126, 1134 (9th Cir. 2011) (alterations in original) (quoting Cal. Lab. Code § 5300(a)). A limited exception exists where a plaintiff is pursuing a "claim for damages against an uninsured employer" under the push-back scenario described in the third paragraph of subsection 5500.5(a). *Graphic Arts Mut. Ins. Co. v. Time Travel Int'l, Inc.*, 23 Cal. Rptr. 3d 864, 870 (Cal. Ct. App. 2005).

Here, although Travelers characterizes its claim as one for "reimbursement and subrogation" under subsection 5500.5(a) and alleges that the Saints were unlawfully uninsured during the relevant time period, it cannot state a claim for

reimbursement and subrogation under that subsection.[1] According to Travelers'

own pleading, the Chiefs employed Rourke during his last year of exposure to the

cumulative injury. Thus, even under Travelers' version of the facts, it was not

liable "as a result of" the Saints' alleged failure to secure workers' compensation

insurance pursuant to the third paragraph of subsection 5500.5(a). Travelers may

well have claims for apportionment and contribution pursuant to subsections

5500.5(c) and (e), but exclusive jurisdiction lies with the WCAB, and the district

court properly dismissed the case. *See U.S. Fid. & Guar. Co.*, 641 F.3d at 1133.

**2.**     "[D]istrict courts' decisions about the propriety of hearing declaratory

judgment actions . . . should be reviewed for abuse of discretion." *Wilton v. Seven

Falls Co.*, 515 U.S. 277, 289–90 (1995). "A district court should avoid needless

determination of state law issues; it should discourage litigants from filing

declaratory actions as a means of forum shopping; and it should avoid duplicative

litigation." *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 803 (9th Cir.

2002).

---

[1]We do not view *In re George*, 361 F.3d 1157 (9th Cir. 2004), and *In re Lorber Industries of California*, 564 F.3d 1098 (9th Cir. 2009), as controlling this issue. In those cases, liability had been pushed back to the state's Uninsured Employers Fund due to the bankruptcy debtors' undisputed failure to carry workers' compensation insurance. The only question before the court was how to treat the reimbursement claim as a debt of the bankruptcy estate. They say nothing about the nature of Travelers' claim.

4

Travelers sought a declaratory judgment that the Saints' insurance policy did not constitute workers' compensation coverage. But the complaint alleges eleven pending California workers' compensation claims involving NFL teams insured by Travelers and former NFL players who played for the Saints. In this context, the district court concluded that Travelers was forum shopping, as it sought a declaratory judgment in an "attempt to have that interpretation enforced in ongoing workers' compensation proceedings" before the WCAB. That conclusion was reasonable.

3. The district court did not abuse its discretion in denying leave to amend the complaint. *See Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014). "A district court may dismiss a complaint without leave to amend if 'amendment would be futile.'" *Id.* (quoting *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011)). "A party cannot amend pleadings to 'directly contradic[t] an earlier assertion made in the same proceeding.'" *Id.* (alteration in original) (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)).

Given leave to amend, Travelers would be unable to allege a set of facts showing it was liable "as a result of" the Saints' alleged failure to carry lawful insurance, or that it would otherwise be entitled to "reimbursement and

5

subrogation" from the Saints. Cal. Lab. Code § 5500.5(a). Travelers already alleged that the Chiefs employed Rourke during the last relevant year of injurious exposure, and thus was liable for the claim notwithstanding the Saints or its insurance. Travelers also concedes that the WCAB had jurisdiction over the Chiefs.

The judgment of the district court is **AFFIRMED**.

The Appellee's Motion to Take Judicial Notice (Dkt. 18) is **DENIED**.