NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TUONG NGUYEN, an individual; SMARTER NUTRITION, INC., a California corporation,

        Plaintiff-ctr-defendants - Appellees,

  v.

SMARTERVITAMINS LLC, a Nevada limited liability company,

        Defendant-ctr-claimant - Appellant.

No. 23-3908

D.C. No.
8:21-cv-00832-DOC-ADS

MEMORANDUM*

TUONG NGUYEN; SMARTER NUTRITION, INC.,

        Plaintiff-ctr-defendants - Appellants,

  v.

SMARTERVITAMINS LLC,

        Defendant-ctr-claimant - Appellee.

No. 23-4185

D.C. No.
8:21-cv-00832-DOC-ADS

---

    \*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeals from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted March 28, 2025
Pasadena, California

Before: TASHIMA, NGUYEN, and MENDOZA, Circuit Judges.

Smarter Nutrition, Inc., and Tuong Nguyen (collectively, "SNI") sued Smartervitamins, LLC ("SVC"), and SVC counter-sued, each alleging claims of trademark infringement and unfair business practices. Following a bench trial, the district court found that neither party proved infringement and entered judgment rejecting all claims. SVC appealed, and SNI cross-appealed.

We have jurisdiction under 28 U.S.C. § 1291. We review the district court's factual determinations of secondary meaning and likelihood of confusion for clear error, and its legal determinations de novo. *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1355 (9th Cir. 1985) (en banc). We affirm.

1.  The district court did not clearly err in finding that SNI's use-in-commerce date for its "Smarternutrition" registered trademark was February 9, 2017. SVC challenges this finding, arguing that SNI's use and display of its "Smarternutrition" mark in 2016 and 2017 was "at most token use." However, the record contains evidence that demonstrates the mark's consistent use in commerce by February 9, 2017, including an invoice and packing slip from a February 9, 2017, shipment of SNI's products to a brick-and-mortar store. SVC's arguments to

2

the contrary essentially ask this court to reweigh the evidence, which we decline to do. *See id.* at 1358.

2.    The district court also did not clearly err in finding that SVC's mark failed to acquire secondary meaning. A descriptive mark, like "Smartervitamins," is only entitled to trademark protection if it achieves secondary meaning by the time that an allegedly infringing mark is used in commerce. *Zobmondo Ent., LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113 (9th Cir. 2010). SVC concedes that its mark did not achieve secondary meaning by February 9, 2017, so there was no error.[1]

3.    The district court did not err in dismissing SNI's claims because its marks did not achieve secondary meaning before "Smartervitamins" was used in commerce on October 28, 2016.[2] It is well-established that "there can be no infringement" if a plaintiff "cannot prove that its mark possessed secondary meaning at the time defendant commenced its use." 2 *McCarthy on Trademarks and Unfair Competition* § 16:34 (5th ed.); *see Levi Strauss*, 778 F.2d at 1358. SNI concedes that its marks failed to achieve secondary meaning before October 28,

---

[1] We therefore need not reach SVC's arguments that its mark achieved secondary meaning after February 9, 2017. For the same reason, any purported error in the district court's exclusive use analysis due to the existence of a registered trademark for "Smart Vitamin" would be harmless.

[2] The district court's factual finding regarding the use-in-commerce date for "Smartervitamins" is not in dispute.

2016.

4. Because the district court did not err in finding that neither party has valid and protectable marks, we decline to remand SVC's cancellation claims. In a trademark action, a federal court may "order the cancelation of registrations, in whole or in part . . . and otherwise rectify the register with respect to the registrations of any party to the action." 15 U.S.C. § 1119. However, cancellation claims "may only be sought if there is already an ongoing action that involves a registered mark." *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 599 (9th Cir. 2014). A cancellation claim does not "provide an independent basis for subject-matter jurisdiction on remand standing alone," as the "statutory language" of 15 U.S.C. § 1119 "creates a remedy for trademark infringement rather than an independent basis for federal jurisdiction." *Id.* at 598-99 (cleaned up).

 **AFFIRMED.**